The STATE of Texas, Appellant,

v.

**Tommy Lloyd WHEELER, Appellee.**

No. 07–89–0348–CR.

Court of Appeals of Texas,
Amarillo.

May 25, 1990.

Randall L. Sherrod, Dist. Atty., John L. Davis, Asst. Crim. Dist. Atty., Canyon, for appellant.

Rick Keffler, Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

POFF, Justice.

Appellee Tommy Lloyd Wheeler was indicted for felony driving while intoxicated, an offense denounced by Tex.Rev.Civ.Stat. Ann. art. 6701*l*–1(e) (Vernon Supp.1990). He moved to prohibit the State from reading or proving the enhancement para-

graphs of the indictment during the guilt-innocence stage of trial on the grounds that knowledge of the enhancement paragraphs would unfairly bias the jury. By a single point of error, the State contends that the trial court erred in granting his motion.

Appellee has moved to dismiss this appeal on the grounds that the trial court's order was not appealable under Tex.Code Crim.Proc. Ann. art. 44.01(a)(1) (Vernon Supp.1990). For the reasons below, we will overrule appellee's motion to dismiss and sustain the State's point of error.

■ Since it concerns our jurisdiction, we will first address appellee's motion to dismiss. Appellee argues that the trial court's order is not appealable because the order does not fall within the ambit of article 44.01(a)(1), and because he expressly waived any error arising from the State's inability to read or prove the enhancement paragraphs of the indictment at the guilt-innocence stage of trial.

Article 44.01(a)(1) permits the State to appeal an order of a court in a criminal case if the order "dismisses an indictment.... or *any portion of an indictment.*" (emphasis added). As we have stated before, the critical factor for analysis of the State's right to appeal under article 44.01(a)(1) is whether the trial court's order effectively terminates prosecution of the offense. *State v. Eaves*, 786 S.W.2d 396, 398 (Tex.App.—Amarillo 1990, pet. granted). Prior convictions for DWI are essential elements of felony DWI under article 6701*l*–1(e), and must be read and proven at the guilt-innocence stage to support a felony conviction. *Addington v. State*, 730 S.W.2d 788, 790 (Tex.App.—Texarkana 1987, pet. ref'd); *see also Gant v. State*, 606 S.W.2d 867, 871–72 n. 9 (Tex. Crim.App. [Panel Op.] 1980). The prior convictions define the offense and are, in a very real sense, jurisdictional allegations under Tex.Code Crim.Proc. Ann. art. 36.-01(a)(1) (Vernon Supp.1990).

In this case, the trial court's order granting appellee's motion took away the State's right to read or prove the enhancement paragraphs at the guilt-innocence stage, thus effectively dismissing the felony por-tion of the indictment and reducing the State's case to a misdemeanor prosecution under article 6701*l*–1(b). Appellee argues, however, that his express waiver in the trial court of any error caused by the failure to read or prove the prior convictions at the guilt-innocence stage was sufficient to preclude the State's right to appeal. We disagree.

■ Jurisdictional matters may not be waived. *Ex parte Smith*, 650 S.W.2d 68, 69 (Tex.Crim.App.1981). Moreover, parties may not agree to confer jurisdiction on a court. *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex.Crim.App. [Panel Op.] 1980). Appellee's bargain with the trial court that, in the event of a guilty verdict he would consent to a felony DWI conviction and waive any error concerning the State's failure to read or prove the prior convictions, is a nullity. On appeal, appellee might still raise a jurisdictional attack on the felony DWI conviction for the failure to prove essential elements of the offense. Under these circumstances, we hold that the trial court's order effectively dismissed a portion of the indictment and was appealable by the State under article 44.01(a)(1). Appellee's motion to dismiss is overruled.

■ By its sole point of error, the State contends that the trial court erred in granting appellee's motion because the prior convictions were essential elements of the offense and jurisdictional in nature. As stated by the court in *Addington*, 730 S.W.2d at 790, the prior convictions are jurisdictional elements of the offense under article 6701*l*–1(e) and properly part of the proof at the guilt-innocence stage of trial. Moreover, the prior convictions fall within the "jurisdictional" exception of article 36.-01(a)(1) and must be read to the jury. For these reasons, the State's point of error is sustained.

In summary, appellee's motion to dismiss the appeal is overruled. The State's point of error is sustained. The order of the trial court is reversed and the case is remanded for trial.