**Donald Wayne READ, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–97–094–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 23, 1997.

David A. Pearson, IV, Fort Worth, Jim Ashby, Mineral Wells, for Appellant.

Donald E. Schnebly, Dist. Atty., Edward D. Lewallen, Kathleen Catania, Asst. Dist. Attys., Weatherford, for Appellee.

Before DAY, DAUPHINOT and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Appellant Donald Wayne Read appeals his conviction for driving while intoxicated—subsequent offense (DWI) and his sentence of 10 years in prison and a $10,000 fine. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b) (Vernon 1994 & Supp.1997). We affirm.

The indictment alleged not only the current DWI, but also Appellant's four prior convictions for driving while intoxicated. Appellant was represented by counsel at the pretrial hearing as well as the guilt/innocence and the punishment phases of the jury trial. We will not address the evidence about the new (DWI) offense for which Appellant was indicted in this case, because he does not challenge that portion of the evidence.

### Issues

We face two issues. First, when a defendant is prosecuted for driving while intoxicated—subsequent offense, does section 49.09(b) of the Penal Code bar the State from offering evidence that the defendant has *more* than two prior convictions for driving while intoxicated? Second, when a defendant with an attorney of record wants to engage in hybrid representation and at pretrial asks for the court's permission to participate at trial in the opening statement to the jury and in cross-examining some of the State's witnesses, does a verbal response by the judge describing how hybrid representation might effectively compromise the defendant's constitutional right to remain silent at trial mean that the judge has abandoned the role of neutral arbiter and unfairly assumed the role

of advocate? We conclude that the answer to both issues is no.

### Section 49.09(b)

The Texas Penal Code classifies a first offense DWI as a Class B misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 1994 & Supp.1997). A portion of section 49.09(b) recites conditions under which the offense may become a felony:

> If it is shown on the trial of an offense under Section 49.04 ... that the person has previously been convicted *two times* of an offense relating to the operating of a motor vehicle while intoxicated ... the offense is a felony of the third degree.

*See* TEX. PENAL CODE ANN. § 49.09(b) (Vernon Supp.1997) (emphasis added).

In connection with the first issue, Appellant contends that the wording of section 49.09(b) *limits* the State to pleading and proving no more than two prior convictions. He maintains that the trial court erroneously allowed him to suffer unfair prejudice during the guilt/innocence phase, by letting the jury hear evidence that he had four prior convictions instead of only two. Appellant insists that the four prior convictions were offered only for the purpose of proving that he has a propensity to commit crimes and therefore was inadmissible "character" evidence. *See* TEX.R.CRIM. EVID. 404(b). However, the record does not support Appellant's argument that the four prior convictions were offered for the purpose of proving Appellant's character in order to show that he acted in conformity therewith. *See id.*

Despite Appellant's contention that no reasonable perception of common experience supports the conclusion that evidence of four prior DWI convictions is more relevant than evidence of two prior DWI convictions, we recognize that the State is not always able to prove every allegation it pleads in a charging instrument. Although the unflawed proof of *two* prior convictions may be *sufficient*, simply introducing two into evidence does not compel the trier of fact or the court to accept the two, regardless of any possible flaws in the proof. After carefully considering the wording of section 49.09(b), we conclude that

in cases where the State invokes the applicability of section 49.09(b) because two or more prior DWI convictions exist, the section does not limit the State to pleading or proving no more than two prior DWI convictions. Accordingly, the trial court did not abuse its discretion by admitting evidence of Appellant's four prior DWI convictions. We overrule Appellant's first issue.

## Hybrid Representation

While accompanied by his attorney of record, Appellant personally made the following oral request to the court in a pretrial hearing:

> I understand ... that I don't have to discriminate (sic) myself in testimony, but I do have the right to cross-examine the witness according to what I'm being accused of.... I'm not going to testify. But I do want to cross-examine the witness.... My point is that mostly I need to have a participation in the opening statement so that the jurors will be aware of what my cross-examination questions, or the points that I'm trying to point out to them.... I don't really know law, and I'm not quite educated in law, but ... I feel quite confident with my preparations of what I've got designed. But I do need at least the police report and some of the details that will be used against me that they're accusing me of in the indictment so that I can further prepare myself and be ready for cross-examination.

The trial court never ruled on Appellant's request, and when verbally responding to the request, the judge did not use the term "hybrid representation." The judge simply informed Appellant about the potential adverse legal consequences Appellant might suffer if the request was granted.

## No Fundamental Error

In connection with the second issue, Appellant asserts on appeal that the trial court committed fundamental error by verbally describing to him ways in which his constitutional right to remain silent might be compromised if he participated with his counsel in the opening statement and in cross-examining State's witnesses. Appellant suggests on appeal that even though he voiced no objection at trial to the fact that the court neither ruled on his request nor offered him a chance to engage in hybrid representation, the fundamentally erroneous nature of the judge's verbal response to the request preserved the second issue for appeal. The State responds that the court's comments to Appellant about the potential consequences of hybrid representation were not fundamental error. We agree.

Fundamental error is error so egregious that the harm it creates denies the defendant a fair and impartial trial. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim.App.1984) (op. on reh'g). For us to find "egregious harm," it must be apparent from our review of the record that the error complained of made the case for conviction or punishment clearly and significantly more persuasive. *See Saunders v. State,* 817 S.W.2d 688, 692 (Tex.Crim.App.1991). Here, Appellant was already represented by counsel when Appellant told the court he wanted to *share* counsel's role in the trial. Because a defendant has no right to hybrid representation, the trial court's conduct when responding to Appellant's request to share his own attorney's role during the trial was not fundamental error. *See Scarbrough v. State,* 777 S.W.2d 83, 92 (Tex.Crim.App.1989). Appellant did not preserve the second issue for appeal because he did not object at trial court.

## Conclusion

Having overruled Appellant's first issue and having found that Appellant waived the second issue, we affirm the trial court judgment.