Joe A. TAMEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–97–00432–CR.

Court of Appeals of Texas, San Antonio.

Sept. 30, 1998.

Before HARDBERGER, C.J., and RICKHOFF and ANGELINI, JJ.

**OPINION**

ANGELINI, Justice.

### Nature of the case

A jury found Joe A. Tamez guilty of the felony offense of driving while intoxicated. The jury assessed punishment at ten years confinement. In his sole issue on appeal, Tamez alleges that the court erred in allowing the State to read to the jury the portions of the indictment alleging six prior DWI convictions and by admitting evidence of the prior convictions during the guilt-innocence phase of trial.

### Factual Background

The indictment alleged that Tamez operated a motor vehicle on June 30, 1996 without the normal use of his mental or physical faculties by the reason of the introduction of alcohol into his body. The indictment then alleged Tamez's six prior convictions for DWI. In a pre-trial hearing on Tamez's motion in limine, his defense counsel argued that reading the indictment to the jury with six prior convictions and admitting evidence of the prior convictions during the guilt-innocence phase of trial allowed extraneous offense evidence to be admitted to prove character conformity in violation of Rule 404(b).[1] Defense counsel also argued under Rule 403 that the probative value of the prior convictions were outweighed by the danger of unfair prejudice.[2] Prior to the reading of the indictment, Tamez offered to stipulate to the prior convictions and to the court's jurisdiction over the case. Defense counsel also renewed her objections based on Rules 403 and 404(b). The court allowed the State to read the indictment with the six prior convic-

· Judith K. Wemmert, San Antonio, for Appellant.

Daniel Thornberry, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

---

1. Rule 404(b) provides in pertinent part: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Tex.R.Crim. Evid. 404(b). Effective March 1, 1998, the Court of Criminal Appeals adopted the Texas Rules of Evidence which apply in both civil and criminal proceedings. However, we apply the rule in effect at the time of trial in this opinion.

2. Rule 403 provides in pertinent part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice ..." Tex.R.Crim. Evid. 403. Effective March 1, 1998, the Court of Criminal Appeals adopted the Texas Rules of Evidence which apply in both civil and criminal proceedings. However, we apply the rule in effect at the time of trial in this opinion.

tions. Defense counsel made the same objections when the State offered evidence of the prior convictions during the guilt-innocence phase of trial.

### Felony DWI

■ On appeal, Tamez argues that the evidence of his prior convictions allowed him to be convicted because of his propensity for committing the crime of DWI, rather than for the offense he was on trial for. *See* TEX.R.CRIM. EVID. 404(b). If it is shown during a DWI trial that the defendant has been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated, the offense is a felony of the third degree. TEX. PEN.CODE ANN. § 49.09(b) (Vernon Supp.1998). In order to elevate the misdemeanor offense of DWI to a third degree felony, the two prior DWI convictions must be included in the indictment because they are jurisdictional. *See Williams v. State*, 946 S.W.2d 886, 898–99 (Tex.App.—Waco 1997, no pet.); *Pope v. State*, 802 S.W.2d 418, 421 (Tex.App.—Austin 1991, no pet.); *State v. Wheeler*, 790 S.W.2d 415, 416 (Tex.App.—Amarillo 1990, no pet.); *Addington v. State*, 730 S.W.2d 788, 790 (Tex. App.—Texarkana 1987, pet. ref'd.). Article 36.01 of the Code of Criminal Procedure requires the prosecutor to read the indictment to the jury. Article 36.01 states:

> The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

TEX.CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon Supp.1998). In a felony DWI indictment, the prior convictions are jurisdictional and not for enhancement only. *Maibauer v. State*, 968 S.W.2d 502, 507 (Tex.App.—Waco 1998, pet. ref'd.); *Pope*, 802 S.W.2d at 421. Although Tamez offered to stipulate to the

court's jurisdiction, the State was required to read to the jury the six prior convictions in the indictment. *Warren v. State*, 693 S.W.2d 414, 415 (Tex.Crim.App.1985) (reading of the indictment under article 36.01 is mandatory). Further, parties may not confer jurisdiction on a court. *Wheeler*, 790 S.W.2d at 416 (citing *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex.Crim.App. [Panel Op.] 1980)). In order to prove the prior convictions, the State had to introduce evidence of the prior convictions during the guilt-innocence phase of trial. Further, the prior convictions had to be included in the jury charge and found to be true before the jury could find Tamez guilty of the offense of felony DWI. *See Pope*, 802 S.W.2d at 421. Thus, the prior convictions were jurisdictional and not evidence of extraneous offenses and the court did not err in allowing the State to read the indictment or present evidence of the prior convictions during the guilt-innocence phase of trial.

■ Because only two prior convictions are necessary to confer felony jurisdiction, Tamez argues that the State should have been limited to proving two convictions instead of six. However, section 49.09(b) does not limit the State to pleading or proving only two prior convictions. *See Read v. State*, 955 S.W.2d 435, 437 (Tex.App.—Fort Worth 1997, pet. ref'd.).

### Rule 403

■ Tamez argues that the relative probative value of the prior convictions was slight, while the risk of unfair prejudice was high, especially in light of his agreement to stipulate to the prior convictions. Tamez urges us to follow the holding in *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), to interpret Rule 403. In *Old Chief*, the defendant was being prosecuted for the federal crime of a felon in possession of a firearm.[3] *Old Chief*, 117 S.Ct. at 647. The defendant offered to stipulate that he had been convicted of a felony, so that the jury need only consider whether he possessed a firearm and not know the nature

---

3. The statute states in pertinent part: "it shall be unlawful for any person—(1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm." 18 U.S.C.A. § 922(g)(1) (West Supp. 1998).

of the felony conviction. *Id.* at 648. The court denied the request. *Id.* The Supreme Court held, under Federal Rule of Evidence 403, that because the defendant was willing to stipulate to the felony conviction, the probative value of any extrinsic evidence of the conviction was substantially outweighed by the danger of unfair prejudice. *Id.* at 655.

The language of Rule 403 is nearly identical to that in Federal Rule 403. FED.R.EVID. 403. Both provide that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Prior federal decisions should be followed unless Texas statutes dictate a different outcome. *Maibauer,* 968 S.W.2d at 506 (citing *State v. Klein,* 154 Tex.Crim. 31, 38, 224 S.W.2d 250, 253–54 (1949)). However, the Tenth Court of Appeals has declined to apply the holding in *Old Chief* to prior convictions alleged in a felony DWI case. *Id.* In *Maibauer,* the defendant argued that the court abused its discretion by allowing evidence of four prior DWI convictions during the guilt-innocence phase of trial after he agreed to stipulate to the prior convictions. *Id.* at 505. The defendant in *Maibauer,* as in this case, argued that the probative value of the prior convictions was outweighed by the danger of unfair prejudice under Rule 403 and argued that *Old Chief* should apply. *Id.*

We also decline to apply *Old Chief's* interpretation of Federal Rule 403 to the admission of prior convictions during the guilt-innocence phase of trial of a felony DWI offense. In *Old Chief,* the Supreme Court observed that the federal statute for unlawful possession of a firearm applied to nearly any offense requiring imprisonment for more than a year, so the nature of the conviction bore slight probative value in light of the danger of unfair prejudice. *Old* Chief, 117 S. Ct at 655. In contrast, section 49.09(b) of the Penal Code requires proof of *two prior DWI* convictions in order to elevate the offense of DWI to a felony. Thus, the probative value of the nature of the conviction is greater than the nature of the conviction necessary under the federal statute. *See Maibauer,* 968 S.W.2d at 507. Further, article 36.01 of the Code of Criminal Procedure requires the prosecutor to read the indictment to the jury, which necessarily includes prior DWI convictions because they are jurisdictional. *See id.* We agree with the Tenth Court of Appeals, that these statutes preclude us from adopting the reasoning in *Old Chief. Id.* (citing *Klein,* 154 Tex.Crim. at 38, 224 S.W.2d at 253–54).

The court did not err in allowing the State to read the portions of the indictment alleging six prior convictions and by admitting evidence of the prior convictions during the guilt-innocence phase of trial. Therefore, we overrule Tamez's sole issue on appeal. Accordingly, we affirm the judgment.

Concurring opinion by RICKHOFF, J.

RICKHOFF, Justice, concurring.

I join in the majority opinion and write to again observe that Rules of Evidence 403 and 404(b) not only cannot be logically and responsibly applied to all behavior, but that these rules should be reversed for certain conduct.

When the trial opens with the prosecutor reading *six* prior convictions for driving while intoxicated, the very offense charged, will the jury conclude that the defendant acted in conformity with his past behavior? Of course. Some jurors may need an expert to rely on, but they constantly judge others based on their character. Could the court devise a curative instruction to neutralize the prejudice thus injected into the proceeding? Not likely. But I believe that this jury reaches the right conclusion; someone with six convictions for DWI, and standing accused of it again, is driving drunk.

My experience as a trial and appellate judge has been that with some behaviors, including chronic alcohol abuse, past behavior is in fact the single most significant factor in determining whether that person committed alcohol abuse in a given case. *See also Creekmore v. State,* 860 S.W.2d 880, 885 (Tex.App.—San Antonio 1993, pet. ref'd) (arguing that character is always at issue when one is charged with sexually abusing children in one's care).

If one has been so deviant as to previously sexually assault a child or repeatedly drive

drunk, the reality is that his past behavior predicts his future behavior. In these cases, "character" remains consistent and the jurors' common experience compels them to so conclude.

We should quit dancing around TEX.R. EVID. 404(b) and 403 and recognize that they are contrary to certain human conditions. If we are serious about not convicting Tamez for acting in conformity with his character, we would never allow the six convictions to be read prior to the evidence, charge, argument and deliberations on guilt/innocence. Since we are not, we must recognize that at times character evidence is the most relevant evidence.