The STATE of Texas, Appellant,

v.

Clint Randall MEWBOURN, Appellee.

No. 12–98–00054–CR.

Court of Appeals of Texas,
Tyler.

April 29, 1999.

Donna R. Bennett, John L. Youngblood, Athens, for appellant.

Mickey C. Shyrock, Athens, for appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

HADDEN, Justice.

Appellee Clint Randall Mewbourn ("Mewbourn") was indicted for the offense of felony driving while intoxicated pursuant to TEX. PEN.CODE ANN. § 49.09(b) (Vernon Supp.1999). Section 49.09(b) provides that the offense of driving while intoxicated is a third degree felony if the person has two prior convictions for operating a motor vehicle while intoxicated. The indictment indicated that Mewbourn had two prior convictions for driving while intoxicated.

Prior to voir dire, Mewbourn presented his motion in limine to the trial court. The State objected to a point within the motion involving "evidence of the arrest or criminal record, if any, of the defendant." At the court's request, Mewbourn stated that he would stipulate [1] that he had previously been convicted on two occasions of driving while intoxicated. Based upon Mewbourn's stipulation and finding that the danger of unfair prejudice outweighed the probative value of the convictions, the court signed an order prohibiting the State from discussing the two prior convictions during voir dire. The order also directed the State to refrain from introducing evidence of the prior convictions during the State's case in chief. Further, the order required that the jury charge not contain any reference to the prior convictions.

In three issues, the State contends that the trial court erred in entering the order referred to above. In one issue, Mewbourn asserts that this court does not have jurisdiction to resolve this appeal. For the reasons stated below, we will sustain the State's issues and overrule Mewbourn's issue. Accordingly, we will reverse the trial court's order and remand the case for trial.

## MEWBOURN'S ISSUE

Since it concerns our jurisdiction, we will first address Mewbourn's issue. The State contends that this appeal was taken in accordance with TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(1) (Vernon Supp.1999). Article 44.01(a)(1) provides that the State may appeal from an order "dismissing an indictment, information, or complaint or any portion of an indictment, information, or complaint." The State argues that the trial court's order effectively dismissed the felony portion of the indictment reducing its case to a misdemeanor DWI prosecution.

Mewbourn contends that this court does not have jurisdiction because the trial court did not dismiss any portion of the indictment. According to Mewbourn, the trial court merely ruled that because Mewbourn stipulated that he was convicted of the prior offenses, evidence of the convictions would result in unfair prejudice. Further, Mewbourn asserts that if he was convicted, the prior convictions would be proved up at the sentencing phase of the trial.

The critical factor for analysis of the State's right to appeal under article 44.01(a)(1) is whether the trial court's order effectively terminates prosecution of the offense. *State v. Wheeler*, 790 S.W.2d 415, 416 (Tex.App.—Amarillo 1990, no pet.). Prior convictions are essential elements of felony DWI under section 49.09(b), and must be read and proven at the guilt/innocence phase to support a felony conviction. *Id.*; *see Tamez v. State*, 980 S.W.2d 845, 847 (Tex.App.—San Antonio 1998, pet. granted). The prior convictions define the offense and are jurisdictional allegations under section 49.09(b) and TEX.CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon Supp.1999). *Id.*; *see Tamez*, 980 S.W.2d at 847 ("In order to elevate the misdemeanor offense of DWI to a third degree felony, the two prior DWI convictions must be included in the indictment because they are jurisdictional.").

---

1. The terms "stipulate" and "stipulation" in this opinion are not used to reflect an agreement between opposing counsel, but rather to mean an admission in a judicial proceeding. *See Hampton v. State*, 977 S.W.2d 467, 468 n. 2 (Tex.App.—Texarkana 1998, pet. ref'd).

■ Jurisdictional matters may not be waived. *Wheeler*, 790 S.W.2d at 416. Moreover, parties may not confer jurisdiction on a court. *Id.*; *Tamez*, 980 S.W.2d at 847. Thus, Mewbourn's offer to stipulate to the prior convictions and avoid having the State read or prove them in the guilt-innocence phase is a nullity. *Wheeler*, 790 S.W.2d at 416.

Based on the foregoing, the trial court's order effectively dismissed the felony portion of the indictment and reduced the State's case to a misdemeanor prosecution under TEX. PEN.CODE ANN. § 49.04 (Vernon 1994 & Supp.1999). Accordingly, we hold that the trial court's order was appealable by the State pursuant to article 44.01(a)(1). Mewbourn's issue is overruled.

### STATE'S ISSUES

■ . In essence, the State argues that the trial court's order was erroneous because (1) the prior DWI convictions are jurisdictional in nature and (2) two prior DWI convictions are essential elements of the offense of felony DWI. As indicated above, prior DWI convictions are essential elements of felony DWI and are jurisdictional in nature. *Wheeler*, 790 S.W.2d at 415; *Addington v. State*, 730 S.W.2d 788, 790 (Tex.App.—Texarkana 1987, pet. ref'd). Because the prior convictions are jurisdictional, they must be read to the jury pursuant to article 36.01(a)(1) of the Code of Criminal Procedure.[2] *Tamez*, 980 S.W.2d at 848. In order to prove the prior convictions, the State must introduce evidence of the prior convictions during the guilt-innocence phase of the trial. *Id.* at 847. Further, the prior convictions must be included in the jury charge and found to be true before a jury may find a defendant guilty of the offense of felony DWI. *Id.*

Mewbourn relies on *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) contending that *Old Chief* changed Texas law. Contrary to Mewbourn's assertion, however, Texas courts of appeal have declined to apply *Old Chief's* interpretation of Federal Rule 403 to the admission of prior convictions during the guilt-innocence phase of a prosecution under section 49.09(b). *See Tamez*, 980 S.W.2d at 848; *Maibauer v. State*, 968 S.W.2d 502, 506–07 (Tex.App.—Waco 1998, pet. ref'd); *Hampton*, 977 S.W.2d at 468–69. We also decline to apply *Old Chief's* reasoning.

In *Old Chief*, the defendant was being prosecuted for the federal crime of a felon in possession of a firearm.[3] *Old Chief*, 117 S.Ct. at 647. The defendant offered to stipulate that he had been convicted of a felony, so that the jury need only consider whether he possessed a firearm and not know the nature of the felony conviction. *Id.* at 646. The trial court denied the request. *Id.* The Supreme Court held, under FED. R. EVID. 403, that because the defendant was willing to stipulate to the felony conviction, the probative value of any *extrinsic* evidence of the conviction was substantially outweighed by the danger of unfair prejudice. *Id.* at 655; *Tamez*, 980 S.W.2d at 848. It is important to note that the Court did allow evidence of the prior felony to be submitted to the jury in the form of a stipulation. *Id.* The Court did so recognizing that a prior felony conviction was an essential element of the offense charged. *Id.* at 653, 655. In this case, the trial court excluded all evidence

---

**2.** Article 36.01(a)(1) provides:

The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for the purposes of enhancement · only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided by Article 37.07.

**3.** The statute states in pertinent part: "it shall be unlawful for any person—(1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm." 18 U.S.C.A. § 922(g)(1) (West Supp.1998).

of the prior convictions in the guilt-innocence phase.

The language of the Texas criminal version of Rule 403 is materially identical to its federal predecessor. Both provide in pertinent part:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice ...

TEX.R.CRIM. EVID. 403; [4] FED. R. EVID. 403. Because *Old Chief* was announced subsequent to the adoption of Texas Rule 403, it is not binding. *Maibauer*, 968 S.W.2d at 506. Moreover, federal decisions handed down prior to the adoption of Texas Rule 403 are not binding if Texas statutes require a different outcome. *Id.*

In a felony DWI prosecution, prior DWI convictions must be read to the jury pursuant to article 36.01 because they are jurisdictional. *Id.*; *see Tamez*, 980 S.W.2d at 848. Accordingly, this statute dictates that we not adopt the reasoning of *Old Chief. Id.* Furthermore, the Supreme Court in *Old Chief* observed that because the federal statute applies to nearly any offense requiring imprisonment for more than one year (i.e., a "generic" felony requirement), the government has no great need to inform a federal jury of the nature of the previous conviction. *Old Chief,* 117 S.Ct. at 655; *Maibauer,* 968 S.W.2d at 507. Thus, such information bears slight probative value in light of the danger or unfair prejudice. *Id.* Unlike the federal statute in *Old Chief,* section 49.09(b) requires proof of *two prior DWI convictions.* Thus, the probative value of the evidence of prior DWI convictions is greater than the "generic" felony required by the federal statute. *Maibauer,* 968 S.W.2d at 507–08; *Tamez,* 980 S.W.2d at 848. As stated by the Texarkana Court of Appeals in *Hampton* :

> ... In order to place a defendant in the category necessary to permit the State

to prosecute him for felony DWI, the State must prove the existence of two prior convictions for DWI. Accordingly, in order to successfully prosecute the crime, the State must provide proof not that the defendant is a felon, but that he was convicted of a particular type of crime on two occasions.

*Id.* at 469. Accordingly, section 49.09(b) also dictates that we not adopt the reasoning of *Old Chief.*

█ In this case, whether Mewbourn stipulates to the prior DWI convictions or not, the indictment must be read to the jury under article 36.01(a)(1). Further, the State has the burden of showing and proving two prior DWI convictions in its case-in-chief. Whether this is done by a stipulation from Mewbourn or by proof by the State is in the trial court's discretion. *Id.* However, proof of the prior convictions must be presented to the jury.

For these reasons, we sustain issues one through three. The order of the trial court is *reversed* and the case is *remanded* for trial.

---

**4.** Effective March 1, 1998 the Court of Criminal Appeals adopted the Texas Rules of Evidence which apply in both civil and criminal

proceedings. However, we apply the rule in effect at the time of the hearing in this opinion.