Affirmed and Memorandum Opinion filed September 4, 2007








Affirmed and Memorandum Opinion filed September 4, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00345-CR

____________

 

TERRY LEVON NALL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 49281

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Terry Levon Nall, appeals his conviction for
felony Driving While Intoxicated (ADWI@). Tex. Pen. Code
Ann. '' 49.04,
49.09(b)(2) (Vernon 2003).[1] 
Pursuant to the habitual felony offenders statute, appellant was sentenced to
twenty years= confinement in the Institutional Division of the
Texas Department of Criminal Justice and was fined $7,000.00. Tex. Pen. Code
Ann. ' 12.42(a)(3)
(Vernon 2003). We affirm.

Factual and Procedural Background

Early on the morning of April 16, 2005, appellant drove
into the Buc-ee=s convenience store in Alvin, Texas. 
Appellant pulled his vehicle into the parking lot and parked at an
inappropriate angle blocking the pedestrian walk space directly in front of the
store=s entrance. 
Appellant exited his vehicle and entered the store.

There were two store clerks on duty at Buc-ee=s when appellant
arrived: Peggy Landry and Rhonda Feely.  Both clerks testified at trial. 
According to the clerks, appellant staggered into the store.  Appellant told
Landry he had been in a bar drinking, could not make his own coffee, and asked
her to make him a cup of coffee.  Appellant also told Feely he was drunk. 
Landry moved to within a couple of feet of appellant, who was leaning on the
coffee counter, and showed him where the coffee was located.  Landry asked
appellant if he needed her to call for transportation.  At that point,
appellant became profane and Feely left the store to call the police. 
Appellant then paid for his coffee, exited Buc-ee=s without his
coffee, and got back in his vehicle.  Appellant drove out of Buc-ee=s parking lot
without stopping.  Appellant continued through two red lights, forcing another
vehicle off the road.  Both clerks testified that appellant was clearly
intoxicated.  Both Landry and Feely testified they could smell the odor of
alcohol on appellant, that he was unsteady on his feet, and he had red eyes.








Officer Aaron Kincaid, a patrol officer with the Alvin
Police Department, was dispatched to Buc-ee=s in response to
Feely=s call regarding
an intoxicated person at the store.  While en route to Buc-ee=s, Officer Kincaid
was advised the intoxicated person had left the premises.  Officer Kincaid was
also informed of the color of the intoxicated person=s vehicle and its
license plate number.  Officer Kincaid spotted the suspect=s vehicle and
activated his patrol car=s lights.  Initially, the suspect
increased his speed as if he was trying to evade Officer Kincaid.  However, the
suspect slowed down and pulled over into a school parking lot, hitting the curb
on his way in to the parking lot.  Upon stopping, appellant exited his vehicle
and approached Officer Kincaid=s patrol car.  Officer Kincaid ordered
appellant to stop and place his hands on the trunk of his vehicle, which he
did.  Upon making contact with appellant, Officer Kincaid noted that appellant=s speech was
slurred, his eyes were red and glassy, and he had a strong odor of alcoholic
beverages.  When asked for his driver=s license,
appellant informed Officer Kincaid that he did not have a driver=s license;
however, he did produce an identification card.[2] 
Appellant refused to move in front of Officer Kincaid=s patrol vehicle
and refused to submit to field sobriety tests.  Officer Kincaid then placed
appellant under arrest for suspicion of driving while intoxicated.  At that
point, appellant began to passively resist Officer Kincaid by refusing to place
his right hand behind his back to be handcuffed, by turning his body, and by
stiffening his right arm.  Eventually, Officer Kincaid was able to handcuff
appellant and place him in the backseat of his patrol car.








Officer Kincaid transported appellant to the Alvin Police
Station where appellant continued his passive resistance.  Once appellant was
inside the jail facility located in the police department building and was
being booked into the facility, Detention Officer Olivia Culpepper came around
the booking counter to assist Officer Kincaid in removing appellant=s personal items. 
As she came around the counter, appellant kicked Officer Culpepper in the
wrist.  At that point, Officer Kincaid applied one burst of pepper spray into
appellant=s eyes.  This calmed appellant down and he ceased his
resistance to the booking process.  Officer Kincaid allowed appellant to wash
the pepper spray out of his eyes, and after allowing appellant fifteen to
twenty minutes to compose himself, Officer Kincaid provided appellant a copy of
the DICB24 Statutory
Warning[3]
and requested that appellant read it along with Officer Kincaid.  Officer
Kincaid then asked appellant for a breath sample.  Appellant refused to give a
breath sample and also refused to sign the warning.

Officer Kincaid testified that based on his observations of
appellant in the school parking lot, while he was transporting appellant, and
in the jail facility, it was his opinion that appellant was intoxicated and had
lost the normal use of his mental faculties as a result of the introduction of
alcohol into his body.

Officer Culpepper also testified at trial.  She testified
that appellant had the smell of alcoholic beverages on him, his speech was
slurred, and he did not have the normal use of his mental or physical
faculties.  Officer Culpepper testified that, in her opinion, based on her
experience and observations of appellant, appellant was intoxicated the morning
of April 16, 2005.

Officer Richard Sepolio, Jr., a patrol officer with the
Alvin Police Department, testified at trial.  Officer Sepolio was dispatched to
back-up Officer Kincaid when Officer Kincaid initially reported his belief that
appellant was attempting to evade.  Officer Sepolio was present in the school
parking lot and came into close proximity with appellant.  Officer Sepolio
observed appellant=s slurred speech and also detected the
odor of alcoholic beverages on appellant.  In Officer Sepolio=s opinion,
appellant was intoxicated.








The final witness to testify for the State was Marcy
Barnshaw, an Automated Fingerprint Identification SystemBLatent Print
Examiner for the Brazoria County Sheriff=s Department. 
Barnshaw testified that she took fingerprints from appellant.  These
fingerprints were introduced into evidence as State=s Exhibit 10. 
Barnshaw also testified that while she was fingerprinting appellant, he
identified himself to her as Terry Nall, with a date of birth of December 3,
1962.  Through Barnshaw, the State introduced into evidence five exhibits
containing documentary evidence of appellant=s prior DWI
convictions.  State=s Exhibits 11 and 12, containing certified
court documents of DWI convictions on February 28, 2000 and April 7, 1997 respectively,
were admitted into evidence without objection by appellant.  The State also
sought to admit State=s Exhibit 14, containing certified court
documents of a February 16, 1993 DWI conviction.  Appellant objected to State=s Exhibit 14
arguing that because there was no fingerprint on the judgment of conviction
there was insufficient evidence connecting appellant to the conviction. 
However, State=s Exhibit 14 did contain fingerprints, which Barnshaw
testified matched the known prints of appellant, on a bail bond and an order of
community service.  The trial court overruled appellant=s objection and
State=s Exhibit 14 was
admitted into evidence.








The State also sought to admit State=s Exhibits 13 and
15, containing certified court documents of DWI convictions on March 2, 1995
and August 16, 1985 respectively.[4] 
Neither exhibit contained fingerprints.  To establish that the Terry Levon Nall
found in Exhibits 13 and 15 was the same as appellant, the State sought to
admit State=s Exhibit 5.  State=s Exhibit 5 is a
certified copy of a driving record from the Texas Department of Public Safety
for a Terry Levon Nall, birth date December 3, 1962, driver=s license number
02721701.  State=s Exhibit 5 lists numerous DWI convictions,
including the August 16, 1985 and March 2, 1995 convictions.  Appellant lodged
two objections to Exhibit 5.  First, appellant objected that Exhibit 5, which
appellant argued contained only a name and date of birth, was insufficiently
tied to appellant.  Appellant=s second objection was that State=s Exhibit 5
contained extraneous information.  The trial court overruled appellant=s first objection
and the State agreed to redact all extraneous information contained in the
exhibit.  The redacted exhibit, labeled State=s Exhibit 5A, was
then admitted into evidence.  The State also had Barnwell point out that in the
Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial
Confession contained in State=s Exhibit 12, which did include appellant=s fingerprint,
appellant had stipulated to the August 15, 1985 and March 2, 1995 DWI
convictions.  Arguing the State had already met its jurisdictional burden with
the admission of the earlier exhibits, appellant objected to Exhibits 13 and 15
on the grounds that they were irrelevant and that their prejudicial effect
outweighed their probative value.  The trial court overruled the objections and
State=s Exhibits 13 and
15 were admitted into evidence.

Appellant was charged with felony DWI with two prior DWI
convictions as the jurisdictional enhancements.  The State also sought sentence
enhancement pursuant to section 12.42(a)(1) of the Texas Penal Code, the
habitual felony offender statute.  The jury found appellant guilty as charged
and sentenced him to twenty years= confinement in
the Institutional Division of the Texas Department of Criminal Justice and
fined him $7,000.00.  This appeal followed.

Discussion

Appellant asserts four issues on appeal.  In his first
issue, appellant raises a two-pronged challenge to the trial court=s admission of
State=s Exhibits 13 and
15.  Initially, appellant contends the trial court abused its discretion when
it admitted the exhibits because they were not relevant.  Second, assuming the
exhibits were relevant, appellant argues the  exhibits should not have been
admitted as, in appellant=s view, their probative value was
substantially outweighed by the danger of unfair prejudice.  In his second and
third issues, appellant asserts the trial court abused its discretion in
admitting State=s Exhibits 5A, 13, and 15 as there was
insufficient evidence linking the exhibits to appellant.  In his fourth issue,
appellant contends he received ineffective assistance of counsel.

 








A.      Did the
Trial Court Abuse its Discretion When it Admitted Exhibits 13 and 15?

I.        Were
Exhibits 13 and 15 Relevant?

a.       Standard
of Review

Evidence is relevant if it has any tendency to make the
existence of any fact that is of consequence to the determination of the action
more probable or less probable than it would be without the evidence.  Massey
v. State, 933 S.W.2d 141, 154 (Tex. Crim. App. 1996) (quoting Tex. R. Evid.
401).  A trial court=s Rule 401 rulings will not be reversed
absent an abuse of discretion.  Id.  In other words, we must uphold the
trial court=s ruling if it was within the zone of reasonable
disagreement.  Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App.
2000).

b.       Because
They Were Relevant, the Trial Court Did Not Abuse Its Discretion When It
Admitted Exhibits 13 and 15

Apparently seeking to bring his situation within the rule
established in Tamez v. State, appellant, while admitting he did not
stipulate to any prior DWI convictions, contends that because he did not object
to Exhibits 11 and 12, and did not seriously contest the admission of Exhibit
14, this was tantamount to a stipulation of the jurisdictional requirements of
felony DWI thus rendering Exhibits 13 and 15 irrelevant and inadmissible.  See
Tamez v. State, 11 S.W.3d 198, 202 (Tex. Crim. App. 2000) (holding the
prosecution should not read or prove defendant=s prior
convictions to the jury as long as the defendant stipulates to two prior DWI
convictions as the prior DWI convictions have no probative value and can serve
only to improperly prove the defendant=s Abad character@ and inflame the
jury=s prejudice).  We
disagree.








Before the rule in Tamez will foreclose the
prosecution from introducing evidence of a defendant=s prior DWI
convictions, the defendant must actually offer to stipulate to the relevant
prior convictions.  Id. at 202B03.  A stipulation
is a formal concession that has the effect of withdrawing a fact from issue and
dispensing wholly with the need for proof of the fact.  Bryant v. State,
187 S.W.3d 397, 400 (Tex. Crim. App. 2005).  Simply not objecting, or only
lodging minimal objections to an exhibit, does not rise to the level of a
stipulation.  See id. (explaining that a stipulation acts as a kind of
judicial admission that has the effect of withdrawing a fact from issue and
dispensing entirely with the need for evidence to prove that fact).  In the
absence of a stipulation, judgments from prior convictions are relevant to show
the existence of those prior convictions.  Robles v. State, 85 S.W.3d
211, 212 (Tex. Crim. App. 2002).  Thus, Exhibits 13 and 15, consisting of
certified copies of judgments in two of appellant=s prior DWI
convictions, were relevant and the trial court did not abuse its discretion in
admitting them.

II.       Was the
Probative Value of Exhibits 13 and 15 Substantially Outweighed by the Danger of
Unfair Prejudice?

a.       Standard
of Review

A trial court=s ruling on a Rule
403 objection will also not be overturned absent an abuse of discretion.  State
v. Mechler, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).  The test for
whether a trial court abused its discretion is whether the action was arbitrary
or unreasonable, and we must uphold the admissibility decision when it is
within the zone of reasonable disagreement.  Id. at 439B40.  The opponent
of the evidence has the burden to demonstrate that the prejudicial effect
substantially outweighs the probative value of the evidence.  Montgomery v.
State, 810 S.W.3d 372, 377 (Tex. Crim. App. 1990).

b.       The
Probative Value of Exhibits 13 and 15 Was Not Substantially Outweighed by the
Danger of Unfair Prejudice








Under Texas Rule of Evidence 401, evidence is relevant if
it has any tendency to make the existence of any fact of consequence to the
determination of the action more or less probable than it would be without the
evidence.  Tex. R. Evid. 401.  There is a presumption of admissibility of
relevant evidence.  See Tex. R. Evid. 402; Erazo v. State, 144 S.W.3d
487, 499 (Tex. Crim. App. 2004).  Relevant evidence may still be excluded by
the trial court under Rule 403 Aif its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless
presentation of cumulative evidence.@  Tex. R. Evid.
403.  When a trial court balances the probative value of the evidence against
the danger of unfair prejudice, a presumption exists that favors the evidence=s probative
value.  Feldman v. State, 71 S.W.3d 738, 754B55 (Tex. Crim.
App. 2002).  The relevant criteria for determining whether the prejudice of
admitting the evidence substantially outweighs the probative value include, but
are not limited to, the following: (1) the probative value of the evidence; (2)
the potential the evidence has to impress the jury in an irrational but
nevertheless indelible way; (3) the time needed to develop the evidence; and
(4) the proponent=s need for the evidence to prove a fact of
consequence.  Mechler, 153 S.W.3d at 440.  If the record reveals one or
more of these considerations led to a risk that the probative value of the
evidence was substantially outweighed by the danger of unfair prejudice, then
an appellate court should conclude the trial court abused its discretion in
admitting the evidence.  See Reese v. State, 33 S.W.3d 238, 241 (Tex.
Crim. App. 2000).

1.       Probative
Value

We start with an examination of the probative value of the
evidence.  Appellant, recognizing the contested exhibits serve to establish
jurisdiction in the district court, concedes the exhibits are highly probative.


2.       Indelible
Impression








The second criteria used to determine whether the prejudice
of admitting the evidence substantially outweighed the probative value is
whether the evidence has the potential to impress the jury in an irrational but
nevertheless indelible way.  Rule 403 does not exclude all prejudicial
evidence, if it did, all of the State=s evidence would
be excluded as that is the  purpose behind all of the State=s evidence. 
Instead, Rule 403 focuses only on the danger of unfair prejudice and the
tendency to tempt the jury into finding guilt on grounds apart from proof of
the offense charged.  Mechler, 153 S.W.3d at 440.  While the exhibits
were certainly prejudicial to appellant, they were offered to prove the
jurisdictional requirement of two prior DWI convictions when there was no
stipulation from appellant to those prior convictions.  Appellant=s failure to
stipulate to the jurisdictional prior convictions takes appellant out of the Tamez
rule.  We find that Exhibits 13 and 15 do not have a great potential to impress
the jury in an irrational way and would not tempt the jury into a finding of
guilt on improper grounds.

3.       Time to
Develop

The third criteria used to determine whether the prejudice
of admitting the evidence substantially outweighs the probative value is the
amount of time needed to develop the contested evidence, during which the jury
will be distracted from the indicted offense.  Id. at 441.  The time
involved in the disputed testimony was short, encompassing five pages in the
reporter=s record of the
trial, and was thus unlikely to distract the jury from considering the charged
offense.  We find that this factor does not weigh against admitting the
evidence.

4.       The Need
for the Evidence








The last factor used to determine whether the prejudice in
admitting the evidence substantially outweighs the probative value focuses on
the proponent=s need for the evidence to prove a fact of
consequence.  This factor encompasses whether the proponent has other evidence
establishing this fact and whether this fact is related to a disputed issue.  Id. 
When proof of a prior conviction is a jurisdictional element, such as in a
felony DWI case, the fact of the prior conviction must be proven beyond a
reasonable doubt.  Zimmer v. State, 989 S.W.2d 48, 50 (Tex. App.CSan Antonio 1998,
pet. ref=d). While the
State introduced evidence of three of appellant=s other prior DWI
convictions, this does not compel the trier of fact to accept that evidence.  Read
v. State, 955 S.W.2d 435, 436 (Tex. App.CFort Worth  1997,
pet. ref=d).  Section
49.09(b) of the Texas Penal Code does not limit the State to pleading or
proving no more than two prior DWI convictions.  Id. at 437.  Since
there was no offer to stipulate to two prior DWI convictions, thus removing
this case from the Tamez rule, we find this factor does not weigh
against admitting the evidence.

Evaluating the above four factors and balancing the
prejudicial nature of the evidence against its probative value, we conclude
appellant has not met his burden to show the  probative value of the evidence
substantially outweighs its prejudicial effect.  Accordingly, the trial court
did not abuse its discretion by admitting Exhibits 13 and 15.  Therefore, we
overrule appellant=s first issue on appeal.

B.      Was There
Sufficient Evidence Linking Appellant to State=s Exhibits 5A, 13,
and 15?

In his second and third issues, appellant contends the
trial court abused its discretion when it admitted State=s Exhibits 5A, 13,
and 15 because there was insufficient evidence connecting appellant to those
exhibits.[5] 
Because the issues are so closely related, we address them together.

I.        Standard
of Review

Once again, the standard of review for a trial court=s ruling on the
admissibility of evidence is abuse of discretion.  Mozon v. State, 991
S.W.2d 841, 846 (Tex. Crim. App. 1999).  We must uphold the trial court=s ruling if it was
within the zone of reasonable disagreement.  Weatherred, 15 S.W.3d at
542.








II.       The
Trial Court Did Not Abuse Its Discretion When it Admitted State=s Exhibits 5A, 13,
and 15

To establish that a defendant has been convicted of a prior
offense, the State must prove beyond a reasonable doubt that (1) a prior
conviction exists, and (2) the defendant is linked to that conviction.  Flowers
v. State, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).  No specific document
or mode of proof is required to prove these two elements.  Id.  The
State may prove both of these elements in a number of different ways, including
documentary proof that contains sufficient information to establish both the
existence of a prior conviction and the defendant=s identity as the
person convicted.  Id. at 921B22.  Any type of
evidence, documentary or testimonial, might suffice to prove this connection.  Id.
at 922.  The proof that is adduced to establish this connection resembles a
jigsaw puzzle.  Id. at 923 (citing Human v. State, 749 S.W.2d
832, 835B36 (Tex. Crim.
App. 1988) (op. on reh=g)).  The trier of fact fits the pieces
together, weighs the credibility of each piece, and determines if the pieces
fit together sufficiently to complete the puzzle.  Id.

a.       State=s Exhibit 5A

  State=s Exhibit 5A is a redacted version of a
certified copy of a driving record prepared by the Texas Department of Public
Safety for a person named Terry Levon Nall,  a male with brown eyes, born on
December 3, 1962, with a Texas Driver=s License Number
of 02721701.  Appellant argues this driving record is insufficiently linked to
him and thus the trial court abused its discretion when it admitted the exhibit
into evidence.  We disagree.








Initially, Officer Kincaid testified without objection
that, even though appellant did not produce a driver=s license, he was
able to determine, prior to his arrest of appellant, that appellant=s driver=s license number
was 02721701.[6]  In addition,
Barnshaw testified that while she was fingerprinting appellant, he identified
himself to her as Terry Nall, with a date of birth of December 3, 1962.  This
unobjected to testimony, is sufficient to link appellant to State=s Exhibit 5A.  Flowers,
220 S.W.3d at 922.  Accordingly, the trial court did not abuse its discretion
in admitting State=s Exhibit 5A.

b.       State=s Exhibit 13

State=s Exhibit 13 is a certified copy of a
March 2, 1995 DWI conviction in Harris County, Texas, of a Terry Levon Nall, in
Cause Number 9508570.  To link State=s Exhibit 13 with
appellant, the State compared Exhibit 13 with paragraph six of State=s Exhibit 5A,
which reveals that appellant was convicted in Harris County, Texas of DWI on
March 2, 1995 in Cause Number 9508570.  In addition, the State linked appellant
to State=s Exhibit 13
through State=s Exhibit 12, containing certified copies of court
documents of an April 7, 1997 DWI conviction.  In the Waiver of Constitutional
Rights, Agreement to Stipulate, and Judicial Confession contained in State=s Exhibit 12,
which did include appellant=s fingerprint, appellant had stipulated to
the March 2, 1995 DWI conviction.  Appellant argues the State could not rely on
the stipulation found in State=s Exhibit 12 because the cause number
found there is 950857, while the cause number for the conviction in State=s Exhibit 13 is
9508570. This argument is without merit as the variance between the cause
numbers is neither material nor has appellant shown he was prejudiced by the
variance.  See Human, 749 S.W.2d at 837 (holding that a transpositional
error in cause numbers is not a fatal error as it would not prevent the
defendant from finding the record of the prior conviction and presenting a
defense).  The documentary evidence presented by the State is sufficient to
link appellant to State=s Exhibit 13 and the trial court did not
abuse its discretion when it admitted the exhibit into evidence.  Flowers,
220 S.W.3d at 922.  We overrule appellant=s second issue.

 








c.       State=s Exhibit 15

State=s Exhibit 15 is a certified copy of an
August 16, 1985 DWI conviction in Harris County, Texas, of a Terry Levon Nall,
date of birth of December 3, 1962, in Cause Number 847019.  To link State=s Exhibit 15 with
appellant, the State compared Exhibit 15 with paragraph four of State=s Exhibit 5A,
which reveals that appellant was convicted in Harris County, Texas of DWI on
August 16, 1985 in Cause Number 847019.  Appellant contends the State could not
rely on State=s Exhibit 5A to link appellant with State=s Exhibit 15
because there is a variance between the cause numbers.  Appellant argues the
cause number shown in State=s Exhibit 15 is 8470191.  However, a
careful examination of State=s Exhibit 15 reveals that the second 1
found in the blank for the cause number is actually a stray mark.  This is
confirmed on page three of the exhibit, an October 16, 1986 Order Dismissing
Cause/Order Terminating Probation, as it lists the cause number as 847019.  In
addition, even if there was a variance between the numbers, this would not be a
fatal error preventing the admission of the exhibit into evidence as appellant
has not shown he was prejudiced by the variance.  See Human, 749 S.W.2d
at 837.  The documentary evidence presented by the State sufficiently links
appellant to State=s Exhibit 15 and the trial court did not
abuse its discretion when it admitted the exhibit into evidence.  Flowers,
220 S.W.3d at 922.  We overrule appellant=s third issue.

C.      Did
Appellant Receive Ineffective Assistance of Counsel?








In his fourth issue, appellant contends his trial counsel
was ineffective because he did not stipulate to two jurisdictional prior
convictions, which allowed the jury to hear evidence of five prior DWI
convictions during the guilt-innocence stage of the trial.  In reviewing claims
of ineffective assistance of counsel, we apply a two-prong test.  See
Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing Strickland
v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674
(1984)).  To establish ineffective assistance of counsel, appellant must prove
by a preponderance of the evidence that (1) his trial counsel=s representation
was deficient in that it fell below the standard of prevailing professional
norms, and (2) there is a reasonable probability that, but for counsel=s deficiency, the
result of the trial would have been different. Id.  A reasonable
probability is a probability sufficient to undermine confidence in the outcome. 
Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).   

When evaluating a claim of ineffective assistance, the
appellate court looks to the totality of the representation and the particular
circumstances of each case.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).  There is a strong presumption that counsel=s actions and
decisions were reasonably professional and were motivated by sound trial
strategy.  Salinas, 163 S.W.3d at 740; Stults v. State, 23 S.W.3d
198, 208 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  To overcome
the presumption of reasonable professional assistance, Aany allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@ Thompson,
9 S.W.3d at 814.  When determining the validity of an ineffective assistance of
counsel claim, any judicial review must be highly deferential to trial counsel
and avoid the deleterious effects of hindsight.  Ingham v. State, 679
S.W.2d 503, 509 (Tex. Crim. App. 1984).  When the record is silent as to the
reasons for counsel=s conduct, a finding that counsel was
ineffective would require impermissible speculation by the appellate court. Stults,
23 S.W.3d at 208. Absent specific explanations for counsel=s decisions, a
record on direct appeal will rarely contain sufficient information to evaluate
an ineffective assistance claim.  Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).








Appellant argues his trial counsel was ineffective because
he was not instructed to stipulate to two jurisdictional prior convictions,
which allowed, under Tamez, the jury to hear evidence of five prior DWI
convictions during the guilt-innocence stage of the trial.  The State responds
that appellant=s trial counsel=s decision not to
stipulate to the two prior DWI convictions could have been as a result of
appellant=s participation in the decision to not stipulate or a
trial strategy to avoid shocking the jury during the punishment phase of the
trial.  We agree.  See Stafford v. State, 758 S.W.2d 663, 673 (Tex. App.CHouston [1st
Dist.] 1988, no pet.), rev=d on other grounds, 813 S.W.2d 503
(Tex. Crim. App. 1999) (stating that the decision to stipulate to prior
convictions is a classic example of trial strategy).  Appellant has not
directed this court to any portion of the record containing an explanation for
his counsel=s decision not to stipulate to the prior DWI
convictions.  Therefore, absent a contrary showing in the record, it must be
presumed that appellant=s counsel=s failure to
stipulate to the prior DWI convictions was part of a valid, considered trial
strategy, and did not constitute deficient performance.  See Thompson, 9
S.W.3d at 813B14 (holding allegations of ineffective assistance of
counsel must be firmly founded in the appellate record).

We hold that appellant has failed to show that he received
ineffective assistance of counsel.  We overrule his fourth issue on appeal.

Conclusion

Having overruled each of appellant=s issues on
appeal, we affirm the judgment of the trial court.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

Judgment rendered
and Memorandum Opinion filed September 4, 2007.

Panel consists of
Justices Anderson, Fowler, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Appellant was also convicted of assault on a public
servant and sentenced to two years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice and fined $2,000.00.  Tex. Penal Code Ann. ' 22.01(b)(1) (Vernon 2003).  Appellant has not
challenged this conviction in this appeal.





[2]  Officer Kincaid testified without objection, that, even though
appellant did not produce a driver=s license, he was able to determine, prior to his arrest of
appellant, that appellant=s driver=s license number was 02721701. 





[3]  The DICB24
Statutory Warning informs a person suspected of operating a motor vehicle while
intoxicated that, in the event they refuse to allow the taking of a breath or
blood specimen, their driver=s license will
be suspended for a minimum of 180 days. 





[4]  The cause number for Exhibit 13, the March 2, 1995
conviction, was 9508570.  The cause number for Exhibit 15, the August 15, 1985
conviction, was 847019.





[5]  Throughout his brief, appellant refers to State=s Exhibit 5.  However, the trial court did not admit
State=s Exhibit 5 but instead admitted the redacted version,
State=s Exhibit 5A.  For this reason, we will assume
appellant is actually referring to State=s
Exhibit 5A under issues 2 and 3.





[6]  In addition, a copy of appellant=s Texas Driver=s
License is found in State=s Exhibit 14.  This license also establishes that
appellant=s Texas Driver=s
License number is 02721701.