## GEORGE WASHINGTON MAY V. STATE

No. 33,708. November 1, 1961
Appellant's Motion for Rehearing Overruled December 6, 1961

*Ben Hagman*, Weatherford, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The appeal is from a conviction for the felony offense of drunk driving (Art. 802b V.A.P.C.) ; the punishment, 18 months in the penitentiary.

The indictment was in two counts, both alleging that appellant on or about July 2, 1960, drove an automobile upon a public highway in Palo Pinto County while intoxicated.

The first count further alleged that appellant had theretofore, on April 15, 1957, been convicted of the misdemeanor offense of driving a motor vehicle upon a public highway in Parker County while intoxicated and had theretofore, on April 8, 1958, been convicted in Parker County of the misdemeanor offense of driving a motor vehicle upon a public highway while intoxicated.

The second count alleged the latter conviction, but made no reference to the conviction in 1957.

It is appellant's contention that, because of the 1957 conviction, the offense of which he was convicted in 1958 was a felony though no prior conviction was alleged and the County Court of Parker County being without jurisdiction to try felony cases, the 1958 conviction was void. We overrule this contention.

We held in Williams v. State, 170 Tex. Cr. Rep. 593, 342 S.W. 2d 581, and in Coker v. State, 158 Tex. Cr. R. 141, 253 S.W. 2d 668, that where no previous conviction is alleged, the offense of driving while intoxicated is a misdemeanor ot which the county court has jurisdiction. We reaffirm said holdings.

Appellant complains that the allegation of two separate and distinct prior convictions is improper and prejudicial. We do not agree.

We have held that in alleging prior convictions for enhancement of punishment under Art. 63 P.C. more than the required number of convictions for felonies less than capital may be alleged, proof of two being sufficient. White v. State, 157 Tex. Cr. R. 171, 247 S.W. 2d 396; Johnson v. State, 155 Tex. Cr. R. 325, 235 S.W. 2d 180; Ex parte Bonds, 148 Tex. Cr. R. 198, 185 S.W. 2d 984.

Appellant would have us apply a different rule where, as here, the prior conviction is an element of the felony offense of driving while intoxicated. This we decline to do.

We hold that in a prosecution for drunk driving the offense is a misdemeanor unless a prior conviction is alleged and proved; and that where the accused has been previously convicted of drunk driving, the indictment may allege one or more such convictions, proof of the primary offense and one such prior con-

viction being sufficient to sustain a conviction for the felony offense defined in Art. 802b V.A.P.C.

Appellant's complaint that the trial court erred in refusing his motion for a continuance because of the absence of a material witness is not properly before this Court for review because it is nowhere shown by affidavit, or otherwise, what the witness would have testified to had he been present at the trial. We would not be warranted in reversing the conviction without a showing that the witness would have testified to something material to the defense. Parsons v. State, 160 Tex. Cr. R. 387, 271 S.W. 2d 643.

Appellant also contends that the court erred in admitting into evidence a certified copy of the misdemeanor judgment in the 1958 conviction, in that it did not show upon its face that it had been properly entered into the minutes in the Parker County Court. An examination of the record shows that the instrument was properly certified by the Clerk of Parker County as being a true, correct and complete copy of the recorded judgment rendered in said cause and it was not error to admit it into evidence.

The sufficiency of the evidence is not questioned. The testimony of the state's witnesses describing the appearance and conduct of appellant, and the odor of alcohol about him, was evidently accepted by the jury as true. The appellant's testimony that he was not intoxicated, and the evidence offered to corroborate him, was not.

The remaining claims of error have been considered and are overruled.

The judgment is affirmed.