Robert Leon BIEDERMAN,
Sr., Appellant,

v.

STATE of Texas, Appellee.

No. 11–86–140–CR.

Court of Appeals of Texas,
Eastland.

Feb. 12, 1987.

Discretionary Review Refused
April 29, 1987.

Wayne S. Weaver, Scott D. Allen, P.C., Stephenville, for appellant.

John Terrill, Dist. Atty., Stephenville, for appellee.

Opinion

DICKENSON, Justice.

The jury convicted Robert Leon Biederman, Sr., of the felony offense of driving while intoxicated and assessed his punishment at confinement for a term of five years and a fine of $2,000. We affirm the conviction.

TEX.REV.CIV.STAT.ANN. art. 6701*l* –1(e) (Vernon Supp.1987) provides that when it is shown on the trial of a DWI offense "that the person has previously been convicted *two or more times*" of a DWI offense, the punishment shall consist of a fine of not less than $500 nor more than $2,000 and confinement [in jail for not less than 30 days nor more than two years] or imprisonment [in the state penitentiary for not less than 60 days nor more than five years]. The jury assessed the maximum fine and the maximum term of imprisonment.

The indictment alleged that appellant committed the felony offense of DWI on March 28, 1986, alleging five prior DWI offenses. Four of those prior offenses were proved, but one was not. The State proved three misdemeanor DWI offenses from Hood County [October 19, 1983; March 29, 1984; and May 10, 1984] and one prior felony DWI offense from Erath County [November 21, 1985]. The indictment alleged one prior misdemeanor DWI offense from Tarrant County [June 1, 1984], but no proof was offered as to this offense. The charge authorized the jury to convict

appellant if they believed from the evidence beyond a reasonable doubt that appellant operated a motor vehicle in a public place on March 28, 1986, while intoxicated *and* prior to that offense had been convicted of the felony offense of DWI in Erath County on November 21, 1985, *and* prior to that offense had been convicted of misdemeanor DWI in Hood County on May 10, 1984, *and* prior to that offense had been convicted of misdemeanor DWI in Hood County on March 29, 1984, *and* prior to that offense had been convicted of misdemeanor DWI in Hood County on October 19, 1983, and that each conviction had become final prior to the commission of the next offense.

The charge omitted the Tarrant County offense which had been alleged in the indictment since no evidence was offered as to that offense.

■ Appellant presents three points of error. First, he argues that the trial court erred in admitting over objection proof of the three misdemeanor DWI offenses from Hood County where there is no evidence that appellant was represented by counsel at the time of trial. While appellant correctly notes that the County Judge of Hood County could not recall whether appellant was represented by counsel at the time of each of these guilty pleas, the court records which were introduced by the State to prove up these three convictions clearly show that appellant was "informed of his right to counsel, and of his right to request the appointment of counsel if unable to obtain counsel." In each case the records show that appellant waived the right to counsel, waived the right to trial by jury, and entered a plea of guilty. The first point of error is overruled. See, e.g., *Maddox v. State*, 591 S.W.2d 898 at 902 (Tex. Cr.App.1979):

[T]he burden of proof is on the appellant to show that he was denied the right to counsel, or that he was without counsel, was indigent and did not voluntarily waive his right to counsel during those proceedings relating to his prior convictions.

■ Next, appellant argues that there is a fatal variance between the allegations of the indictment and the proof offered by the State during trial. This point is overruled. The felony DWI statute requires proof of *two or more* prior DWI convictions. See Article 6701*l*–1(e), supra. The fact that the State alleged five prior DWI offenses but proved only four is not a fatal variance. Our holding is based upon *May v. State*, 171 Tex.Cr.R. 497, 350 S.W.2d 924 (Tex.Cr. App.1961), where Presiding Judge Woodley stated [when the law only required one prior DWI offense as an element of the felony DWI offense]:

We have held that in alleging prior convictions for enhancement of punishment under Art. 63, P.C. [now codified at TEX.PENAL CODE ANN. sec. 12.42 (Vernon Supp.1987)], more than the required number of convictions for felonies less than capital may be alleged, proof of two being sufficient. [Citations omitted]

Appellant would have us apply a different rule where, as here, the prior conviction is an element of the felony offense of driving while intoxicated. This we decline to do.

We hold that in a prosecution for drunk driving the offense is a misdemeanor unless a prior conviction is alleged and proved; and that where the accused has been previously convicted of drunk driving, the indictment may allege one or more such convictions, proof of the primary offense and one such prior conviction being sufficient to sustain a conviction for the felony offense defined in Art. 802b, V.A.P.C.

The law now requires proof of the primary offense and two or more prior DWI offenses, but the rule stated in *May* remains valid. The State may allege as many prior DWI offenses as it chooses, proof of two or more being sufficient to support a felony DWI conviction. See *Gallegos v. State*, 635 S.W.2d 527 (Tex.Cr.App.1982), where the variance between the pleading and proof was held to be immaterial because there was no showing that appellant had been misled.

■ In his final point of error, appellant argues that the trial court erred in failing to quash the indictment because it failed to

describe the automobile being driven by appellant at the time he was arrested. This point is overruled. TEX.CODE CRIM. PRO.ANN. art. 21.09 (Vernon Pamph.Supp. ·1987) is not applicable, and the trial court did not err in denying the motion to quash the indictment. It was not necessary to describe the automobile. The indictment alleged the date and place of the offense, and this gave sufficient notice and was sufficient to protect appellant's right against the possibility of double jeopardy for the offense. *Queen v. State,* 701 S.W.2d 314 (Tex.App.—Austin 1985, pet'n ref'd).

The judgment of the trial court is affirmed.