**Frank Dennis ADDINGTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–86–084–CR.**

Court of Appeals of Texas,
Texarkana.

April 22, 1987.

Rehearing Denied April 22, 1987.

Kyle Freeman, Henderson, for appellant.

Richard W. White, Asst. Dist. Atty., Rusk County, Henderson, for appellee.

CORNELIUS, Chief Justice.

Frank Dennis Addington was convicted of felony driving while intoxicated and assessed punishment of one year in jail and a $1,000.00 fine. On appeal he contends that the trial court erred in allowing the State to introduce evidence of other offenses at the guilt-innocence stage of the trial, and that he was denied effective assistance of counsel. We respectfully overrule these contentions and affirm the judgment.

Addington first contends that it was error for State's counsel to read to the jury that portion of the indictment which set out Addington's two previous driving while intoxicated convictions, and to prove those offenses at the guilt-innocence stage of the trial.

Concerning the reading of the indictment, Tex.Code Crim.Proc.Ann. art. 36.-01(1) (Vernon 1981) provides:

> The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

Before the amendment of the driving while intoxicated statute[1] it was well settled that a prior driving while intoxicated conviction was an essential element of a case for felony driving while intoxicated. *Luedke v. State,* 711 S.W.2d 657 (Tex.Crim. App.1986); *Clopton v. State,* 408 S.W.2d 112 (Tex.Crim.App.1966). The prior conviction was an element of the offense itself, and had to be proven by the State at the guilt-innocence stage of the trial in order to support a felony conviction. *Luedke v. State,* supra.

The new statute repealed the former felony driving while intoxicated statute and incorporated the felony offense into the integrated driving while intoxicated statute now in force. The offense is still a felony because by definition a felony is any of-

---

1. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–2, *repealed by* Acts of 1983, Ch. 303, § 27, 1983 Tex.Sess.Law Serv. 1606.

fense punishable by confinement in a penitentiary. Tex.Penal Code Ann. §§ 1.07(14), 12.41(1) (Vernon 1974). The new statute increased from one to two the number of prior convictions required to make the offense a felony.[2]

■ Several cases, and the statute itself, refer to the punishment provisions in the new driving while intoxicated statute as enhancement, and there is a division of opinion as to the effect the enhancement provisions have on lesser included offenses and double jeopardy. *See Bucek v. State,* 724 S.W.2d 129 (Tex.App.–Fort Worth 1987, no pet.); *Rivera v. State,* 716 S.W.2d 68 (Tex.App.-Dallas 1986, no pet.); *Guinn v. State,* 696 S.W.2d 436 (Tex.App.–Houston [14th Dist.] 1985, pet. ref'd); Tex.Rev.Civ. Stat.Ann. art. 6701*l*-1(i) (Vernon Supp. 1987); *see also, Biederman v. State,* 724 S.W.2d 436 (Tex.App.-Eastland 1987, no pet.). While these punishment provisions are enhancement provisions in the broad sense, Section (e) is a *special enhancement* because it elevates the offense from a misdemeanor to a felony. Tex.Rev.Civ.Stat. Ann. art. 6701*l*-1(e) (Vernon Supp.1987). As such, it defines the offense, and is properly a part of the proof at the guilt-innocence stage of the trial. We conclude that in enacting the new statute and incorporating into it the former felony offense of driving while intoxicated, the Legislature did not intend for this punishment provision to come within the general enhancement statute (Tex.Penal Code Ann. § 12.42 (Vernon 1974 & Supp.1987)) or the restrictions embodied in Tex.Code Crim.Proc.Ann. art. 36.01 (Vernon 1981).

■ Addington also contends that it was error to allow State's counsel to ask two of its witnesses, who testified that Addington was intoxicated on the occasion in question, whether they had observed Addington on other occasinos, both when he was intoxicated and when he was sober. Addington

has presented no supporting authority for this contention. In any event, we find that if there was error in that regard, it was harmless beyond a reasonable doubt. Addington's defense was that he was physically impaired and was on medication, and the questions about his past demeanor could have reasonably been construed by the jury as going to the witnesses' qualifications to distinguish between actions resulting from physical impairment and those resulting from intoxication. Moreover, the State properly alleged and proved two previous driving while intoxicated convictions against Addington, so a general reference to his previous intoxication would not appear to have additionally prejudiced him.

Addington also complains of the State being allowed to summarize the contents of its Exhibit 4 which had previously been admitted into evidence. Exhibit 4 is a packet of papers filed in a prior criminal action where Addington pleaded guilty to felony theft. The complained-of portion of the exhibit is contained in the State's second motion to revoke probation, and alleges that Addington struck, kicked and aimed a pistol at his wife. Addington argues that this evidence was improper because it introduced several unadjudicated extraneous offenses. There was no objection to the evidence on this ground, however, so no complaint has been preserved. Tex.R.Crim. Evid. 103.

■ Addington also contends that he was denied effective assistance of counsel. The right to counsel has been interpreted to mean a right to reasonably effective assistance of counsel. *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Crim.App.1980). The right does not guarantee the accused errorless representation, but only an attorney reasonably likely to render and rendering reasonably effective assistance. *MacKenna v. Ellis,* 280 F.2d 592 (5th Cir.1960),

---

**2.** Tex.Rev.Civ.Stat.Ann. art. 6701*l*-1(e) (Vernon Supp.1987) provides that:

> If it is shown on the trial of an offense under this article that the person has previously been convicted two or more times of an offense under this article, the offense is punishable by:

> (1) a fine of not less than $500 or more than $2,000; and

> (2) confinement in jail for a term of not less than 30 days or more than two years or imprisonment in the state penitentiary for a term of not less than 60 days or more than five years.

*cert. denied,* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961); *Ex parte Gallegos,* 511 S.W.2d 510 (Tex.Crim.App.1974).

■ The burden of proving ineffective assistance of counsel is on the appellant. *Cannon v. State,* 668 S.W.2d 401 (Tex. Crim.App.1984). The contention must be proven by a preponderance of the evidence. *Id.* In determining whether there was ineffective assistance, the trial as a whole must be viewed, not merely isolated incidents of the counsel's performance.

Our review of the record as a whole indicates that Addington received effective assistance of counsel at trial.

For the reasons stated, the judgment of the trial court is affirmed.