**Pedro JIMENEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–97–00365–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 23, 1998.

Lisa M. Beck, Beck & Beck, San Antonio, for Appellant.

Daniel Thornberry, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Before HARDBERGER, C.J., LÓPEZ, J., and ANGELINI, J.

## OPINION

LÓPEZ, Justice.

Pedro Jimenez was tried by jury and convicted of the felony offense of driving while intoxicated (DWI). Jimenez was sentenced to five years in jail. In this appeal, Jimenez raises five issues to challenge his conviction.

■ Normally, the offense of DWI is a misdemeanor offense, *see* TEX. PENAL CODE § 49.04 (Vernon 1994 & Supp.1998); but where the State proves that the defendant "has previously been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated," the offense is classified as a third degree felony, *see* TEX. PENAL CODE § 49.09(b) (Vernon Supp.1998). Jimenez was charged with felony DWI based on three prior convictions for DWI. In his first issue, Jimenez complains that the inclusion of three prior convictions in the indictment, rather than the two required to classify the offense as a felony, denied him a fair trial by circumventing the restrictions of Rule 404(b) of the rules of evidence which prohibits general character evidence. Because the Penal Code requires only two prior convictions to establish the jurisdiction of the district court, Jimenez argues that the State should have relied on two of his prior convictions and delayed informing the jury of the third conviction until the punishment phase of trial to avoid prejudicing the jury. As a result, Jimenez argues that the State used the third conviction to prejudice the jury, and thus denied him a fair trial.

As persuasive as this argument is, Jimenez did not preserve this issue for review. To preserve error for appellate review, a party must object at trial, state the grounds for the objection, and obtain a ruling from the trial court. *See* TEX.R.APP. P. 33.1. Jimenez, however, did not complain about the inclusion of the third conviction in the indictment at trial. For this reason, we are unable to consider this issue.

In his second and third issues, Jimenez complains about jury charge error. The application paragraph of the jury charge reads as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 23rd day of November, A.D., 1995 in Bexar County, Texas, the defendant, Pedro Jimenez, did drive or operate a motor vehicle in a public place while the said Pedro Jimenez, did not have the normal use of his mental or physical faculties by the reason of the introduction of alcohol into his body, and that prior to the aforesaid offense, hereinafter called the primary offense, the defendant, Pedro Jimenez, had *twice* been convicted of the following offenses: to-wit: on the 21st day of May, A.D., 1992, in County Court at Law Number 4, Bexar County, Texas, in Cause No. 517141, the said defendant was convicted of the offense of driving while intoxicated pursuant to Article 67011-1, a misdemeanor, and said conviction became final prior to the commission of the primary offense *or* that prior to the commission of the primary offense by said defendant, Pedro Jimenez, on the 21st day of May A.D., 1992, in County Court at Law No. 4, Bexar County, Texas, in Cause 492272, the said Pedro Jimenez was convicted of the offense of driving while intoxicated pursuant to Article 67011-1, a misdemeanor and said conviction was final prior to the commission of the primary offense, *or* that prior to the commission of the primary offense by said defendant, Pedro Jimenez, on the day of May, A.D., 1988, in County Court at Law Number 9, Bexar County, Texas, in Cause No. 409536, the said Pedro Jimenez, was convicted of the offense of driving while intoxicated pursuant to article 67011-1, a misdemeanor and said conviction was final prior to the commission of the primary offense, then you will find the defendant guilty of the felony offense of driving while intoxicated as alleged in the indictment.

(emphasis added). Jimenez complains that using the word "or" as emphasized above, permitted the jury to convict him of felony DWI without finding that he had been twice convicted of DWI as required by section 49.09. He further complains that, even if the charge can be construed as permitting conviction based upon a finding of two prior convictions, the charge is still defective because the indictment alleged three convictions.

In response, the State contends that it may plead as many prior convictions as the accused has, but that it need only prove the number required by the statute. To support this argument, the State relies on *May v. State*, a decision in which the court of criminal appeals determined that "where the accused has been previously convicted of drunk driving, the indictment may allege one or more such convictions, proof of the primary offense and one such prior conviction being sufficient to sustain a conviction for the felony offense." *See May v. State*, 171 Tex. Crim. 497, 350 S.W.2d 924, 925 (Tex.Crim. App.1961). Relying on *May*, the State argues that it was only required to prove two prior convictions even though it alleged three, and that, read in its entirety, the charge requires the jury to find at least two prior convictions.[1] We disagree.

■ Under section 49.09, proof of two prior convictions is an element of felony DWI. *See Williams v. State*, 946 S.W.2d 886, 899 (Tex.App.—Waco 1997, no pet.). Section 49.09, however, does not limit the State to alleging only two prior convictions. *See Read v. State*, 955 S.W.2d 435, 437 (Tex. App.—Fort Worth 1997, pet. ref'd) (determining that section 49.09 does not limit State to pleading or proving only two prior DWI convictions). Although section 49.09 does not preclude the State from alleging more than two prior convictions, due process demands that the State prove what it has alleged. Otherwise, the State would be permitted to introduce evidence of extraneous offenses at the very onset of trial by reading the indictment, notwithstanding the requirements of Rule 404(b) of the rules of evidence, without being required to prove those offenses beyond a reasonable doubt. *See* TEX.R. EVID. 404(b) (providing that evidence of "other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therein"). For this reason, including additional DWI convictions in an indictment for felony DWI creates the requirement to prove the additional convictions at trial. Implicit in the requirement to prove the additional convictions is to instruct the jury on the additional convictions.

■ In the instant case, the State alleged three prior convictions, and thus increased its burden of proof by creating a requirement to prove three prior convictions. The application paragraph of the jury charge, however, permitted the jury to convict Jimenez based upon a finding of only one prior conviction. By using the conjunction "or" to link the words describing Jimenez's three prior convictions, the charge permitted the jury to convict Jimenez if it found that he had been previously convicted in either Cause No. 517141, Cause 492272, or Cause No. 409536. Thus, the charge omitted an essential element of the offense of felony DWI. *See Williams*, 946 S.W.2d at 899. A charge that omits an essential element of an offense that was pled in the indictment is defective. *See Archie v. State*, 615 S.W.2d 762, 766 (Tex.Crim.App.1981).

The State's reliance on *May* is misplaced. When *May* was decided, the felony DWI statute read differently than it does today. Previously, the felony DWI statute provided that the offense of DWI was classified as a felony "for each and every subsequent [DWI]." *See* Act of June 6, 1951, 52d Leg.,

1. To support this argument, the State relies on two abstract instructions that refer to the requirement for two prior convictions and an admonishment that instructs the jury on the effect of the evidence of three prior convictions:

The defendant, Pedro Jimenez, stands charged by indictment with the offense of unlawfully being intoxicated while operating a motor vehicle in a public place on or about the 23rd day of November A.D., 1995 in Bexar County, Texas after previously been [sic] convicted two times of being intoxicated while operating a motor vehicle in a public place....
Our law provides that any person who is intoxicated while driving or operating a motor vehicle in a public place, and who has previously been convicted two times or more of being intoxicated while operating or driving a motor vehicle in a public place shall be guilty of a felony....
With respect to the evidence admitted in this case concerning the defendant's having been three times previously convicted of being intoxicated while operating a motor vehicle in a public place, if he was, you are instructed that such evidence cannot be considered by you in any manner proving or tending to prove that the defendant was intoxicated while driving or operating a motor vehicle in a public place on or about the 23rd day of November, A.D., 1995.

R.S., ch. 457, § 1, 1951 Tex. Gen. Laws 813, 814. As a result, the holding in *May* permitting the State to prove fewer prior convictions than alleged in the indictment was a logical interpretation of the law that existed at the time.

■ This position is not a logical interpretation of the law used to prosecute Jimenez. The present felony DWI statute specifically requires two prior convictions. Although the statute does not prohibit the State from alleging more than two prior convictions, nothing in the language of the statute implies that the State is permitted to prove less than it alleges in the indictment, or that section 49.09 was meant to circumvent the protection provided by Rule 404 against the use of general character evidence.[2] To agree with the State that it is permitted to allege as many prior convictions as it chooses, but that the State is required to prove only two prior convictions, endorses conviction based on general character evidence. For this reason, even if the application paragraph could be reasonably interpreted as requiring the jury to find two prior convictions, the State was required to prove three prior convictions because the State included three prior convictions in the indictment. *See Langston v. State*, 855 S.W.2d 718, 720–21 (Tex.Crim.App. 1993) (finding State assumed burden of proving ownership of property by unnecessarily pleading ownership); *Chavez v. State*, 843 S.W.2d 586, 588 (Tex.Crim.App.1992) (stating that unnecessary specific allegations must be proved). The application paragraph of the jury charge should have used the conjunction "and" to link Jimenez's prior convictions.

Because the application paragraph used the conjunction "or" instead, we find that the charge was erroneous. Having found error in the charge, we must now determine if this error requires reversal.

■ Harm resulting from charge error is analyzed using the standard provided in *Almanza v. State*. *See Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985) (op. on reh'g). If the error was not objected to at trial, as in this case, the error requires reversal only if the error is egregious and created such harm that the defendant did not receive a fair and impartial trial. *See Almanza*, 686 S.W.2d at 171. "[H]arm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*

Considering the record as a whole in this case, we conclude that the error in the jury charge was harmless. What was really contested at trial was whether Jimenez drove a motor vehicle while being intoxicated on November 23, 1995, not whether he had been thrice previously convicted for DWI. The sole witness at trial was the arresting officer. The officer testified about the details of the arrest. The State introduced a video tape of Jimenez that was taken at an intoxilyzer facility.[3] The records of the prior convictions were admitted into evidence without objection. The only exhibit introduced by Jimenez was his medical records concerning a prior ankle injury that may have explained why he performed poorly during one of the

---

2. *See* Tex.R. Evid. 404(a) (stating that evidence of "a person's character or character trait is not admissible for the purpose of proving action in conformity therewith in a particular occasion"); *id.* R. 404(b) (providing that evidence of "other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therein").

3. The record reflects the following about the evidence of the three prior convictions:

MR. MATHENY (Prosecutor): Your Honor, we approached defense counsel regrading the priors alleged in the indictment, and he told us yesterday that he would stipulate to the introduction of those, and I would just like to get those introduced now.

MR. LEVIN (Defense Counsel): Your Honor, I said we wouldn't require a fingerprinting expert.
MR. MATHENY: Right.
THE COURT: Okay.
MR. LEVIN: I have seen them, gone over them, I've looked for technical problems with them, have been unable to find none.
THE COURT: So what are they, what exhibits are they.
MR. MATHENY: They're State's Exhibits 7, 8, and 9.
THE COURT: And you are—
MR. MATHENY: Offering them into evidence.
THE COURT:—offering them in evidence and you have no objections, Mr. Levin.
MR. LEVIN: No, Your Honor.

field sobriety tests. Although the jury charge was unclear about whether the jury had to find that Jimenez had been twice or thrice convicted of DWI, the members of the jury were informed during voir dire that the prior convictions were alleged for jurisdictional purposes, as well as instructed that they were not to consider the prior convictions in determining whether Jimenez was driving while intoxicated on November 23, 1995. Finally, both sides directed their closing arguments to whether Jimenez was driving while intoxicated on November 23, 1995. The only reference to the three prior convictions was the prosecutor's unobjected-to statement: "The fact that he's got three prior convictions is not controverted." Because whether Jimenez had been thrice previously convicted for DWI is not contested, the error in the charge did not result in egregious harm. We overrule Jimenez's second and third issues.

■ In his fourth issue, Jimenez maintains that the State did not prove that the conviction on May 6, 1990, in Cause No. 409536 was a final conviction for the purposes of section 49.09. Specifically, he complains that State's Exhibit 7 indicates that the trial court dismissed the case in Cause No. 409536. Jimenez relies on an order from the trial court that reads in pertinent part, "the defendant has ... satisfactorily fulfilled the conditions of probation ... and he is hereby discharged and terminated from probation." According to Jimenez, subsection (d) of section 49.09 implies that a conviction prior to September 1, 1994, will not be deemed "final" for purposes of enhancement if the defendant completed a probationary period prior to the commission of the primary offense. Because he contends that the trial court's order indicates that conviction in Cause No. 409536 was dismissed on May 19, 1992, Jimenez contends that the State did not prove that the conviction was final. We disagree.

■ Under certain circumstances, the Code of Criminal Procedure permits the trial court to reduce or terminate a defendant's period of probation. *See* TEX.CODE CRIM. PROC. art. 42.12, § 20 (Vernon Supp.1998). If the trial court makes this choice, the Code permits the trial judge to discharge the defendant. *Id.* The Code further authorizes the trial judge to "set aside the verdict or permit the defendant to withdraw his plea, and [to] ... dismiss the accusation, complaint, information or indictment against the defendant." *Id.*

In this case, Exhibit 7 contains a final judgment of conviction in Cause No. 409536. That judgment adjudicates Jimenez guilty of driving while intoxicated, and sentences him to 45 days in jail and a $300.00 fine. The exhibit also contains an order suspending Jimenez's sentence and granting him probation. There is no evidence, however, that the trial court set aside the verdict, or dismissed the charges against Jimenez in Cause No. 409536. The trial court's order simply states that Jimenez was discharged and terminated from probation; the cause was not dismissed. As a result, we overrule Jimenez's fourth issue.

■ In his final issue, Jimenez complains that his Fifth Amendment right against self-incrimination was violated because the arresting officer did not provide him with his *Miranda* warnings until after he had performed the field sobriety tests and after the officer had elicited incriminating information from him. Jimenez, however, did not complain about his *Miranda* warnings at trial, and thus failed to preserve this error for appellate review. *See* TEX.R.APP. P. 33.1.

Having overruled each of Jimenez's reviewable issues, we affirm the judgment of the trial court.

ANGELINI, J., concurring in judgment only.