**Jeffrey Mark WESLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–98–182–CR.**

Court of Appeals of Texas, Waco.

Aug. 4, 1999.

Thomas H. Morris, Jr., LaVernia, for appellant.

W. C. Kirkendall, Dist. Atty., Frank Follis, Asst. Dist. Atty., Seguin, for appellee.

Before Chief Justice DAVIS Justice VANCE and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

A jury convicted Jeffrey Mark Wesley of felony driving while intoxicated (DWI). *See* TEX. PEN.CODE ANN. §§ 49.04(a), 49.09(b) (Vernon Supp.1999). The court sentenced Wesley to seven years' imprisonment to run concurrently with his five-year sentence in another felony DWI case in which the court revoked his community supervision.

■ In a single point, Wesley contends that the court erred by permitting the jury to convict him "on a finding of less than all of the prior convictions alleged in the indictment." The indictment alleges four prior DWI convictions in separate paragraphs. The prosecutor read only the first three at the beginning of the guilt-innocence phase. *See* TEX.CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon Supp.1999). The State read the fourth allegation as an enhancement-of-punishment allegation at the beginning of the punishment phase. *Id.; Maibauer v. State*, 968 S.W.2d 502, 504 (Tex.App.—Waco 1998, pet. ref'd).

The court instructed the jurors in the guilt-innocence charge that felony DWI occurs when a person commits DWI while having "previously been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated." *See* TEX. PEN.CODE ANN. § 49.09(b). The application paragraph informed the jurors that if they found Wesley had committed the primary offense alleged and if they further found:

from the evidence beyond a reasonable doubt that the defendant, previously thereto, had [sic] been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated:

(1) On the **9TH** day of **SEPTEMBER, 1988**, in Cause Number 343043, in the County Court at Law No. 5 of **BEXAR** County, Texas; or

(2) On the **9TH** day of **SEPTEMBER, 1988**, in Cause Number 413449, in the County Court at Law No. 5 of **BEXAR** County, Texas; or

(3) On the **18TH** day of **DECEMBER, 1996**, in Cause Number 96–0862–CR, in the 25th Judicial District Court of **GUADALUPE** County, Texas,

then you will find the defendant guilty of the felony offense as alleged in the indictment.

Wesley did not object to the charge. In closing argument, Wesley challenged the sufficiency of the evidence to prove him guilty of the primary offense but did not question the State's evidence as to any of the three prior DWI convictions alleged to elevate the present offense to a felony.

The San Antonio Court has held a virtually identical jury charge erroneous because it permits the State to obtain a conviction by proving fewer prior convictions than alleged in the indictment. *Jimenez v. State*, 981 S.W.2d 393, 396–97 (Tex. App.—San Antonio 1998, pet. ref'd). The court determined that this charge omits an essential element of the offense pleaded in the indictment because proof of two or more prior DWI convictions is an "essential element" of felony DWI. *Id.* at 396 (citing *Williams v. State*, 946 S.W.2d 886, 899 (Tex.App.—Waco 1997, no pet.)). The court held that when the State alleges more than two prior DWI convictions, "due process demands that the State prove what it has alleged." *Id.* at 396.

The court also noted:

To agree with the State that it is permitted to allege as many prior convic-

tions as it chooses, but that the State is required to prove only two prior convictions, endorses conviction based on general character evidence. For this reason, even if the application paragraph could be reasonably interpreted as requiring the jury to find two prior convictions, the State was required to prove three prior convictions because the State included three prior convictions in the indictment.

*Id.* at 397 [1] (citing *Chavez v. State,* 843 S.W.2d 586, 588 (Tex.Crim.App.1992) (unnecessary specificity in allegation of element of offense "must be proven to sustain conviction")). We respectfully disagree with the holding of *Jimenez* concerning the validity of the charge for a number of reasons.[2]

The Court of Criminal Appeals has expressly held that the State may allege more than the required number of prior DWI convictions but prove only the requisite amount to obtain a felony DWI conviction. *May v. State,* 171 Tex.Crim. 497, 498–99, 350 S.W.2d 924, 925 (1961); *accord Biederman v. State,* 724 S.W.2d 436, 437 (Tex.App.—Eastland 1987, pet. ref'd); *see also Read v. State,* 955 S.W.2d 435, 436–37 (Tex.App.—Fort Worth 1997, pet. ref'd) (State may properly allege more than two prior DWI's in indictment because "the State is not always able to prove every allegation it pleads").

■■■ Settled law establishes:
The State is allowed to plead all alternative theories of the offense which the evidence may ultimately prove; that is, it is allowed to anticipate variances in the proof by pleading alternative "manner and means" in the conjunctive when proof of any one theory of the offense

will support a guilty verdict. When the State pleads alternate theories of the same offense, it is not required to prove guilt under all of the theories alleged; proof of guilt under one theory of the offense will suffice for conviction.

*Lawton v. State,* 913 S.W.2d 542, 551 (Tex. Crim.App.1995) (citations omitted) (citing *Lehman v. State,* 792 S.W.2d 82, 84–85 (Tex.Crim.App.1990)).

In *Lehman,* the State charged the defendant with six separate instances of theft without alleging the property values involved in each instance. *See Lehman v. State,* 727 S.W.2d 656, 658 (Tex.App.—Houston [1st Dist.] 1987), *aff'd,* 792 S.W.2d 82 (Tex.Crim.App.1990).[3] Instead, the indictment alleged that the defendant committed the thefts "pursuant to one scheme and continuing course of conduct" and that the total value of the property stolen "was over $750 and under $20,000." *Id.;* TEX. PENAL CODE ANN. § 31.09 (Vernon 1994). The charge instructed the jurors that, even if they did not find that the defendant committed all of the thefts alleged:

you may still be warranted in finding the Defendant guilty if you believe beyond a reasonable doubt that the Defendant committed *one or more* of these thefts, if any, from the above named individuals, pursuant to one scheme and continuing course of conduct, *so long as the value of the money stolen, if any were, was more than Seven Hundred Fifty Dollars and less than Twenty Thousand Dollars.*

*Lehman I,* 727 S.W.2d at 658.

The appellant challenged this portion of the charge because it permitted the jury to convict him on a finding that he committed less than all the thefts alleged. The First

1. Although the *Jimenez* court found error, it concluded that the defendant was not harmed by the error because the question of whether he "had been thrice previously convicted for DWI [as alleged] [wa]s not contested." *Jimenez v. State,* 981 S.W.2d 393, 398 (Tex.App.—San Antonio 1998, pet. ref'd).

2. As in another recent decision of this Court, we expressly acknowledge that we are declin-

ing to follow precedent of the court of appeals from which this cause was transferred. *See McLendon v. Texas Dep't of Pub. Safety,* 985 S.W.2d 571, 576 n. 6 (Tex.App.—Waco 1998, pet. filed).

3. Hereinafter, we refer to the opinion of the First Court as *"Lehman I"* and the opinion of the Court of Criminal Appeals as *"Lehman II."*

Court rejected his argument because "the jury was authorized to convict the appellant only if the value of the money stolen was more than $750 and less than $20,-000"—the offense with which he was charged. *Id.* at 659.

The Court of Criminal Appeals agreed with the First Court. *Lehman II,* 792 S.W.2d at 84–85. The Court specifically addressed the "character evidence" issue which concerned the court in *Jimenez.* The Court observed:

> Appellant argues that such a holding will unfairly allow the State to "throw mud at the defendant" hoping that if enough is thrown, "some of it will stick." We find this argument unpersuasive. A prosecutor is not free to put unfounded allegations in an indictment in the hope that a plenitude of accusations will make the defendant look like a criminal. Rule 3.09 of the Texas Disciplinary Rules of Professional Conduct require [sic] him to "refrain from prosecuting or threatening to prosecute a charge that [he] knows is not supported by probable cause." We also note that Texas, unlike some other states, also limits the power of a felony prosecutor by requiring a grand jury to screen all felony charges unless the defendant waives his right to indictment.

*Lehman II,* 792 S.W.2d at 85 n. 2.

In the context of habitual enhancement allegations, the Court of Criminal Appeals has long held:

> In seeking to fix a defendant's status as an habitual criminal under § 12.42(d), *supra,* the State may allege as many of a defendant's prior final felony convictions as he has. It is necessary, however, that the State allege and prove at least two such valid convictions in order to establish his status as an habitual criminal. If the State alleges and proves three prior convictions, and only one of the convictions is later found to be void, etc., the habitual status of the defendant remains fixed so long as there are two valid convictions.

*Carter v. State,* 676 S.W.2d 353, 355 n. 3 (Tex.Crim.App.1984); *accord Tomlin v. State,* 722 S.W.2d 702, 705 (Tex.Crim.App. 1987); *Johnson v. State,* 155 Tex.Crim. 325, 326–27, 235 S.W.2d 180, 180 (1950).

The court's charge specifically instructed the jurors that they could convict Wesley only if they found beyond a reasonable doubt that he had been previously convicted twice of DWI as required by section 49.09(b) of the Penal Code. *See* Tex. Pen. Code Ann. § 49.09(b). That the charge permitted the jury to convict Wesley on finding less than all of the prior DWI's alleged is of no moment. *See Lehman II,* 792 S.W.2d at 84–85 & n. 2; *Carter,* 676 S.W.2d at 355 n. 3; *May,* 171 Tex.Crim. at 498–99, 350 S.W.2d at 925; *contra Jimenez,* 981 S.W.2d at 396–97. Accordingly, we overrule Wesley's sole point.

We affirm the judgment.