# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00185-CR

**Fernando Castillo, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT NO. 99-4690, HONORABLE TOM BLACKWELL, JUDGE PRESIDING

A jury found appellant guilty of the offense of felony driving while intoxicated (DWI). *See* Tex. Pen. Code Ann. §§ 49.04, .09(b) (West Supp. 2001). The jury found allegations of other felony offenses alleged in the indictment true and assessed punishment at forty-five years in prison. Raising one issue, appellant contends that the evidence was legally insufficient to support the felony DWI conviction. We will sustain this contention, reform the judgment, and remand the cause to the district court for a new sentencing hearing.

The issue presented in this appeal is whether a defendant is guilty of felony DWI when the prior intoxication offenses used to elevate the offense to a felony are too remote in time and there is no jury finding that the defendant committed an intoxication offense within ten years of the currently charged DWI. Resolution of this issue involves the interpretation and interplay of Texas Penal Code subsections 49.09(b) and (e). *Id.* § 49.09(b), (e). DWI is a third degree felony if it is shown that the person has previously been convicted two times of intoxication offenses. *Id.*

§ 49.09(b). A previous intoxication conviction may not be used for purposes of elevating the charged offense to a felony if the conviction: (1) was for an offense committed more than ten years before the offense for which the person is being tried was committed; and (2) the person has not been convicted of an intoxication offense committed within ten years before the date on which the offense for which the person is being tried was committed. *Id.* § 49.09(e).

**Background**

The indictment alleged that appellant drove while intoxicated on March 5, 1999. The indictment also alleged that appellant had previously been convicted of three intoxication offenses in Travis County: (1) county court at law 7, cause number 303,024; (2) county court at law 2, cause number 296,944; and (3) county court at law 1, cause number 254,655. The commission dates of these offenses were not included in the indictment.

After the jury was sworn, appellant filed a motion to quash the indictment contending that none of the three prior intoxication convictions was committed within ten years of March 9, 1999, the date of the charged offense. In response, the State presented documentary evidence to the court showing that appellant had committed an intervening 1996 intoxication offense. The court denied appellant's motion and continued with the jury trial.

The State presented legally sufficient evidence to support a finding that appellant drove while intoxicated on March 9, 1999. Additionally, the State introduced evidence showing the commission dates for the three prior intoxication offenses alleged in the indictment: (1) the offense in cause number 303,024 was committed on May 22, 1988; (2) the offense in cause number 296,944 was committed on February 18, 1988; and (3) the offense in cause number 254,655 was committed

2

on July 20, 1985. Through a fingerprint expert's testimony, the State established that appellant was the person who committed the three prior intoxication offenses. Outside the jury's presence, the State also elicited testimony from the fingerprint expert that appellant was the person who committed the intervening 1996 intoxication offense.

After the State closed its case, appellant moved for a directed verdict arguing that the State failed to present evidence to the jury to prove the elements of a felony DWI offense. Specifically, appellant contended that the three prior intoxication offenses were too remote to elevate the alleged DWI offense to a felony offense. Appellant argued that the remoteness problem had not been cured because the State had failed to introduce evidence before the jury that appellant had been convicted of an intoxication offense committed within ten years of March 5, 1999. The district court ruled that remoteness was an admissibility issue for the court to determine, not an element of felony DWI, and therefore, the State was not required to prove an intervening intoxication offense to the jury. The court overruled appellant's motion and instructed appellant that if he brought up the remoteness issue before the jury, the court would allow the State to reopen its case and present evidence to the jury that appellant had committed a 1996 intoxication offense. Appellant did not raise the issue before the jury and rested his case. At the charge conference, appellant requested that the district court submit a jury instruction on the lesser included offense of misdemeanor DWI. The court denied appellant's request.

## Discussion

Prior intoxication offenses, whether they are felonies or misdemeanors, serve the purpose of establishing whether the offense on trial qualifies as a felony DWI. *Gibson v. State*, 995

3

S.W.2d 693, 696 (Tex. Crim. App. 1999). The prior offenses are elements of the offense of felony DWI and must be proved beyond a reasonable doubt. *Id.*; *Rodriguez v. State*, 31 S.W.3d 359, 363 (Tex. App.—San Antonio 2000, pet. ref'd); *Jimenez v. State*, 981 S.W.2d 393, 396 (Tex. App.—San Antonio 1998, pet. ref'd). They define the offense as a felony and are admitted into evidence as part of the State's proof of its case-in-chief during the guilt-innocence stage of trial. *Gibson*, 995 S.W.2d at 696. Because prior intoxication offenses are elements of felony DWI, if the State seeks to rely on remote intoxication offenses to elevate a DWI offense to a felony, the State must present evidence to the jury that the defendant was also convicted of an intervening intoxication offense committed within ten years of the date the charged offense was committed. *Rodriguez*, 31 S.W.3d at 364; *Smith v. State*, 1 S.W.3d 261, 263 (Tex. App.—Texarkana 1999, pet. ref'd); 43 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 38.128 (2d ed. 2001).

In this case, the three prior intoxication offenses relied on by the State and found by the jury were too remote in time to elevate the alleged DWI to a felony offense without proof that appellant had committed an intervening intoxication offense within the last ten years. Although the State presented evidence to the district court that appellant had been convicted of an intervening 1996 intoxication offense, the State failed to present this evidence to the jury and obtain a jury finding that appellant had in fact been convicted of this offense. We hold that absent a jury finding beyond a reasonable doubt that appellant had been convicted of an intoxication offense committed within ten years of the date the charged offense was committed, there was insufficient evidence to elevate the alleged DWI to a felony offense. Appellant's issue is sustained.

## Conclusion

Appellant requested a jury instruction on the lesser included offense of misdemeanor DWI, which the district court denied. Therefore, we reform the district court's judgment to reflect a conviction for Class B Misdemeanor DWI. *See Collier v. State*, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999) (appellate court may reform judgment if either party asked for and was denied jury instruction on lesser included offense). As reformed, we affirm the judgment as to guilt. We reverse the portion of the judgment imposing sentence and remand the cause to the district court for a new sentencing proceeding.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Reformed and, as Reformed, Affirmed in Part; Reversed and Remanded in Part

Filed:   September 13, 2001

Publish