**Fernando CASTILLO, Appellant,**

v.

**The STATE of Texas.**

No. 2329–01.

Court of Criminal Appeals of Texas.

Jan. 15, 2003.

James Adkins, Austin, for Appellant.

Carl Bryan Case, Jr., Asst. DA, Matthew Paul, State's Atty., Austin, for State.

*OPINION*

PER CURIAM.

A jury convicted Appellant of the felony offense of driving while intoxicated, committed in 1999. See V.T.C.A. Penal Code, § 49.09(b).[1] The prior convictions the State alleged to elevate the offense to a felony were offenses committed more than ten years before the 1999 offense. To meet the requirements of § 49.09(e),[2] the State presented evidence to the trial court outside the presence of the jury showing that

---

1. Based on its determination that Appellant had two other prior convictions for aggravated assault, the jury assessed punishment at confinement for 45 years. See V.T.C.A. Penal Code, § 12.42(d).

2. A conviction may not be used for purposes of enhancement under this section if:

    (1) the conviction was a final conviction under Subsection (d) and was for an offense committed more than 10 years before the

offense for which the person is being tried was committed; and

    (2) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.07, or 49.08 or any offense relating to operating a motor vehicle while intoxicated committed within 10 years before the date on which the offense for which the person is being tried was committed.

Appellant had committed an intervening intoxication offense in 1996 and been convicted. The issue presented to this Court is whether the intervening intoxication conviction must be alleged and proved to the trier of fact; or whether proof of the intervening conviction is a predicate for admission that is determined by the trial court.

The Court of Appeals reversed Appellant's conviction and reformed the judgment to show a conviction for Class B Misdemeanor DWI because it found the evidence insufficient to elevate the DWI to a felony offense. *Castillo v. State*, 82 S.W.3d 354 (Tex.App.-Austin, 2001). The Court of Appeals held that the State was required to present evidence of the intervening intoxication conviction to the jury and obtain a jury finding that Appellant had been convicted of that intervening offense. *Id.* at 357.

The State has filed a petition for discretionary review contending, among other things, that the Court of Appeals erred to require that an intervening DWI conviction must be proven to the jury. The State asserts that § 49.09(e) is a predicate for admissibility of the prior convictions that elevate the charged offense to a felony, which is a matter for the trial court to decide.

This Court resolved this issue in *Weaver v. State*, 87 S.W.3d 557, 559 (Tex.Crim. App., 2002), concluding that the intervening intoxication conviction is not an element of the offense; rather, § 49.09(e) is more akin to a rule of admissibility. In light of this Court's decision in *Weaver*, we grant the State's petition for discretionary review, reverse the judgment of the Court of Appeals, and affirm the judgment of the trial court.