# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00513-CR

**William Lee Gillespie Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
### NO. 2010-072, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

The offense of driving while intoxicated (being intoxicated while operating a motor vehicle in a public place) ("DWI") is ordinarily a Class B misdemeanor, but is elevated to "a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted . . . two times of any other offense relating to the operating of a motor vehicle while intoxicated." *See* Tex. Penal Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2) (West Supp. 2010). Relying in part on stipulated proof of two prior DWI convictions, a jury found William Lee Gillespie Jr. guilty of felony DWI and subsequently assessed punishment at thirty-five years' imprisonment. In a single point of error, Gillespie asserts that his conviction must be reversed because his indictment for felony DWI had alleged not only the two prior convictions to which he had stipulated, but a third prior conviction that the State did not attempt to prove during guilt-innocence. In

Gillespie's view, this means that the evidence was legally insufficient to support his conviction for the offense with which he was charged. We disagree and will affirm the judgment.

When prior convictions are used to elevate a misdemeanor DWI offense to a felony, the prior convictions must be alleged in the indictment in order for the district court to gain jurisdiction. *Tamez v. State*, 11 S.W.3d 198, 201 (Tex. Crim. App. 2000); *Pope v. State*, 802 S.W.2d 418, 421 (Tex. App.—Austin 1991, no pet.). Moreover, as jurisdictional elements of the offense, the State must prove such prior convictions beyond a reasonable doubt as part of its case-in-chief during the guilt-innocence stage of trial. *See Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999); *Zimmer v. State*, 989 S.W.2d 48, 50 (Tex. App.—San Antonio 1998, pet. ref'd).

However, "a defendant is entitled to stipulate to the two jurisdictional prior DWI convictions in a felony DWI trial and thereby prevent the State from offering otherwise admissible evidence of those convictions." *Martin v. State*, 200 S.W.3d 635, 638 (Tex. 2006) (citing *Tamez*, 11 S.W.3d at 202-03). The reason for this rule is to "reduce the possibility of unfair prejudice to the defendant during the guilt stage of a felony DWI trial." *Id*. "Such prejudice might otherwise occur if the jury misused the evidence of two (or more) prior convictions—admissible only to prove felony jurisdiction—in determining his guilt of the present, charged DWI offense." *Id*. When the defendant stipulates to the prior convictions, the State is prohibited from reciting to the jury any additional prior convictions that may be alleged in the indictment or from offering evidence during its case-in-chief of any additional prior convictions. *See Tamez*, 11 S.W.3d at 202-03.

In this case, as noted, the indictment alleged three prior DWI convictions—the first in 1986, the second in 1990, and the third in 1993. Gillespie stipulated to the 1990 and 1993

2

convictions prior to trial, and this stipulation was admitted at the commencement of trial. The State complied with the limitations of *Tamez*. When the State read the indictment to the jury, it omitted any reference to the 1986 conviction and did not offer any proof of that conviction during the guilt-innocence stage of trial.[1] Likewise, in the jury charge, the district court instructed the jury that it should find Gillespie guilty of felony DWI if it found that, among other things, he had committed the two prior offenses to which he had stipulated; there was no mention in the charge of the third.

On appeal, Gillespie does not contend that the evidence is legally insufficient to prove the statutory elements of the offense with which he was charged, felony DWI under section 49.09(b)(2). Nor does he challenge the sufficiency of the evidence supporting the two prior convictions to which he stipulated. Instead, he asserts that because the State alleged not only these two prior convictions but a third in the indictment, it was required to prove all three to obtain a conviction against him. Consequently, Gillespie reasons, because the State offered no evidence of the 1986 conviction, "a rational fact finder could not have found beyond a reasonable doubt that Gillespie was guilty of the offense as alleged in the indictment."

As support for his argument that the State was required to prove all three prior convictions alleged in the indictment, Gillespie cites to *Jimenez v. State*, 981 S.W.2d 393 (Tex. App.—San Antonio 1998, pet. ref'd). In *Jimenez*, a charge-error case, the indictment contained allegations of three prior DWI convictions and the jury charge referenced all three prior convictions. However, the prior convictions were charged in the alternative, and the charge

_____

[1] During punishment, Gillespie stipulated to the 1986 conviction, which the State offered at that time for enhancement purposes only.

submitted them disjunctively. *See id*. at 395. On appeal, the defendant argued that the charge was erroneous for two reasons: (1) the use of the conjunction "or" in the charge permitted the jury to convict him of felony DWI without finding that he had been twice convicted of DWI; and (2) even if the charge could be construed as permitting conviction based upon a finding of two prior convictions, the charge was still defective because the indictment alleged not two but three convictions. *Id*.

The appeals court agreed that the charge was erroneous. Observing that the felony DWI statute "does not limit the State to alleging only two prior convictions," the court reasoned that, nevertheless, "due process demands that the State prove what it has alleged." *Id*. at 396. "Otherwise," the court continued, "the State would be permitted to introduce evidence of extraneous offenses at the very onset of trial by reading the indictment, notwithstanding the requirements of Rule 404(b) of the rules of evidence, without being required to prove those offenses beyond a reasonable doubt." *Id*. The court held that "including additional DWI convictions in an indictment for felony DWI creates the requirement to prove the additional convictions at trial. Implicit in the requirement to prove the additional convictions is to instruct the jury on the additional convictions." *Id*. According to the *Jimenez* court, by alleging three prior convictions, the State "thus increased its burden of proof by creating a requirement to prove three prior convictions." *Id*. The court also agreed with the defendant that use of the conjunction "or" in the charge "permitted the jury to convict Jimenez based upon a finding of only one prior conviction." *Id*.

We first observe that there are important distinctions between *Jimenez* and the case before us. Here, there is no allegation of charge error and the charge, as noted, referred only to the

4

two prior convictions to which Gillespie stipulated. Also, the asserted due-process problems that concerned the *Jimenez* court are not present here—because Gillespie stipulated to two of the prior convictions, the State did not read the allegation in the indictment relating to the third conviction or present evidence of it during the guilt-innocence phase.

Additionally, *Jimenez* was decided prior to the decision of the court of criminal appeals in *Tamez*, which, as we explained above, prohibits the State from introducing into evidence any additional DWI convictions other than the two to which the defendant stipulated. *See Tamez*, 11 S.W.3d at 202-03. Thus, to require the State to prove all three of the prior convictions it alleged in the indictment would be contrary to *Tamez*.

We hold that the evidence was legally sufficient to support Gillespie's conviction for felony DWI. We overrule Gillespie's sole issue and affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   February 11, 2011

Do Not Publish

5