TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00513-CR






William Lee Gillespie Jr., Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT

NO. 2010-072, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 The offense of driving while intoxicated (being intoxicated while operating a
motor vehicle in a public place) ("DWI") is ordinarily a Class B misdemeanor, but is elevated to
"a felony of the third degree if it is shown on the trial of the offense that the person has previously
been convicted . . . two times of any other offense relating to the operating of a motor vehicle while
intoxicated." See Tex. Penal Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2) (West Supp. 2010).
Relying in part on stipulated proof of two prior DWI convictions, a jury found William Lee Gillespie
Jr. guilty of felony DWI and subsequently assessed punishment at thirty-five years' imprisonment.
In a single point of error, Gillespie asserts that his conviction must be reversed because his
indictment for felony DWI had alleged not only the two prior convictions to which he had stipulated,
but a third prior conviction that the State did not attempt to prove during guilt-innocence. In
Gillespie's view, this means that the evidence was legally insufficient to support his conviction for
the offense with which he was charged. We disagree and will affirm the judgment.

 When prior convictions are used to elevate a misdemeanor DWI offense to a felony,
the prior convictions must be alleged in the indictment in order for the district court to gain
jurisdiction. Tamez v. State, 11 S.W.3d 198, 201 (Tex. Crim. App. 2000); Pope v. State, 802 S.W.2d
418, 421 (Tex. App.--Austin 1991, no pet.). Moreover, as jurisdictional elements of the offense,
the State must prove such prior convictions beyond a reasonable doubt as part of its case-in-chief
during the guilt-innocence stage of trial. See Gibson v. State, 995 S.W.2d 693, 696 (Tex. Crim. App.
1999); Zimmer v. State, 989 S.W.2d 48, 50 (Tex. App.--San Antonio 1998, pet. ref'd).

 However, "a defendant is entitled to stipulate to the two jurisdictional prior
DWI convictions in a felony DWI trial and thereby prevent the State from offering otherwise
admissible evidence of those convictions." Martin v. State, 200 S.W.3d 635, 638 (Tex. 2006) (citing
Tamez, 11 S.W.3d at 202-03). The reason for this rule is to "reduce the possibility of unfair
prejudice to the defendant during the guilt stage of a felony DWI trial." Id. "Such prejudice might
otherwise occur if the jury misused the evidence of two (or more) prior convictions--admissible only
to prove felony jurisdiction--in determining his guilt of the present, charged DWI offense." Id.
When the defendant stipulates to the prior convictions, the State is prohibited from reciting to the
jury any additional prior convictions that may be alleged in the indictment or from offering evidence
during its case-in-chief of any additional prior convictions. See Tamez, 11 S.W.3d at 202-03.

 In this case, as noted, the indictment alleged three prior DWI convictions--the first
in 1986, the second in 1990, and the third in 1993. Gillespie stipulated to the 1990 and 1993
convictions prior to trial, and this stipulation was admitted at the commencement of trial. The State
complied with the limitations of Tamez. When the State read the indictment to the jury, it omitted
any reference to the 1986 conviction and did not offer any proof of that conviction during the guilt-innocence stage of trial. (1) Likewise, in the jury charge, the district court instructed the jury that it
should find Gillespie guilty of felony DWI if it found that, among other things, he had committed
the two prior offenses to which he had stipulated; there was no mention in the charge of the third. On appeal, Gillespie does not contend that the evidence is legally insufficient to
prove the statutory elements of the offense with which he was charged, felony DWI under
section 49.09(b)(2). Nor does he challenge the sufficiency of the evidence supporting the two prior
convictions to which he stipulated. Instead, he asserts that because the State alleged not only these
two prior convictions but a third in the indictment, it was required to prove all three to obtain a
conviction against him. Consequently, Gillespie reasons, because the State offered no evidence of
the 1986 conviction, "a rational fact finder could not have found beyond a reasonable doubt that
Gillespie was guilty of the offense as alleged in the indictment."

 As support for his argument that the State was required to prove all three prior
convictions alleged in the indictment, Gillespie cites to Jimenez v. State, 981 S.W.2d 393
(Tex. App.--San Antonio 1998, pet. ref'd). In Jimenez, a charge-error case, the indictment
contained allegations of three prior DWI convictions and the jury charge referenced all three prior
convictions. However, the prior convictions were charged in the alternative, and the charge
submitted them disjunctively. See id. at 395. On appeal, the defendant argued that the charge was
erroneous for two reasons: (1) the use of the conjunction "or" in the charge permitted the jury to
convict him of felony DWI without finding that he had been twice convicted of DWI; and (2) even
if the charge could be construed as permitting conviction based upon a finding of two prior
convictions, the charge was still defective because the indictment alleged not two but three
convictions. Id.

 The appeals court agreed that the charge was erroneous. Observing that the
felony DWI statute "does not limit the State to alleging only two prior convictions," the court
reasoned that, nevertheless, "due process demands that the State prove what it has alleged." Id.
at 396. "Otherwise," the court continued, "the State would be permitted to introduce evidence of
extraneous offenses at the very onset of trial by reading the indictment, notwithstanding the
requirements of Rule 404(b) of the rules of evidence, without being required to prove those offenses
beyond a reasonable doubt." Id. The court held that "including additional DWI convictions in an
indictment for felony DWI creates the requirement to prove the additional convictions at trial.
Implicit in the requirement to prove the additional convictions is to instruct the jury on the additional
convictions." Id. According to the Jimenez court, by alleging three prior convictions, the State "thus
increased its burden of proof by creating a requirement to prove three prior convictions." Id. The
court also agreed with the defendant that use of the conjunction "or" in the charge "permitted the jury
to convict Jimenez based upon a finding of only one prior conviction." Id.

 We first observe that there are important distinctions between Jimenez and the case
before us. Here, there is no allegation of charge error and the charge, as noted, referred only to the
two prior convictions to which Gillespie stipulated. Also, the asserted due-process problems that
concerned the Jimenez court are not present here--because Gillespie stipulated to two of the prior
convictions, the State did not read the allegation in the indictment relating to the third conviction or
present evidence of it during the guilt-innocence phase.

 Additionally, Jimenez was decided prior to the decision of the court of criminal
appeals in Tamez, which, as we explained above, prohibits the State from introducing into evidence
any additional DWI convictions other than the two to which the defendant stipulated. See Tamez,
11 S.W.3d at 202-03. Thus, to require the State to prove all three of the prior convictions it alleged
in the indictment would be contrary to Tamez.

 We hold that the evidence was legally sufficient to support Gillespie's conviction for
felony DWI. We overrule Gillespie's sole issue and affirm the judgment of the district court.



 __________________________________________

 Bob Pemberton, Justice 

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: February 11, 2011

Do Not Publish


 
1. During punishment, Gillespie stipulated to the 1986 conviction, which the State offered
at that time for enhancement purposes only.